**COMMONWEALTH of Pennsylvania,
Appellee**

**v.**

**Kelly Kenneth HARTMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 2006.

Filed Sept. 11, 2006.

Kelly K. Hartman, appellant, Pro Se.

Eric E. Winter, Asst. Dist. Atty., Reading, for Com., appellee.

BEFORE: STEVENS, BENDER, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Berks County following Appellant's conviction on the charge of sexual abuse of children, 18 Pa.C.S.A. § 6312(d)(1).[1] On appeal, appellate counsel, Andrea E. Mertz, Esquire, has filed a petition to withdraw her representation and brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). After counsel filed her petition to withdraw and brief, Appellant filed his own *pro se* brief. We grant counsel's petition to withdraw and affirm the judgment of sentence.

¶ 2 On February 15, 2005, represented by Michael D. Dautrich, Esquire, Appellant entered an open guilty plea to the crime of sexual abuse of children. During the guilty plea colloquy, the Commonwealth established that on July 2, 2004, Appellant took his computer to Worldnet Technology Consultants to be serviced. Computer technicians discovered numerous photographs of naked girls on Appellant's computer's hard drive, and the technicians contacted the police. A pediatrician, whom the Commonwealth consulted, opined that the majority of the photographs depicted females under the age of fifteen who were engaged in sexual acts. Appellant had downloaded the pictures from Internet websites.

¶ 3 On May 18, 2005, the trial court sentenced Appellant, who was still represented by Attorney Dautrich, to three months to twenty-three months in prison, to be followed by five years of probation. As a condition of his probation, the trial court ordered that Appellant would submit to urine surveillance, participate in sex offender therapy, have no contact with any minor children, and not view or possess pornography.

¶ 4 The trial court also ordered that Appellant "shall not possess a computer in his home or use any public computer for a fee or free and shall not own a cell phone with Internet capabilities or a PDA with the same and he shall not access the Internet."

¶ 5 Appellant did not file a timely post-sentence motion; however, he filed a timely *pro se* direct appeal. On June 23, 2005, Attorney Mertz of the Berks County Public Defender's Office was appointed to represent Appellant.[2] Thereafter, Attorney

---

1. 18 Pa.C.S.A. § 6312(d)(1) provides:

   **(d) Possession of child pornography.—**
   **(1)** Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.
   (emphasis in original).

2. The certified record reveals the trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement; however, Attorney Mertz filed a statement on Appellant's behalf. The

Mertz filed with this Court a petition seeking to withdraw her representation and a brief pursuant to *Anders* and *McClendon.*[3] In response, Appellant filed a *pro se* brief for this Court's consideration.

¶ 6 "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Smith,* 700 A.2d 1301, 1303 (Pa.Super.1997) (citation omitted). To be permitted to withdraw pursuant to *Anders,* counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Smith, supra.* "After establishing the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Townsend,* 693 A.2d 980, 982 (Pa.Super.1997).

¶ 7 We find that Attorney Mertz has complied with all of the antecedent requirements of *Anders.* In her petition and brief, counsel indicated she made a conscientious examination of the record, determined the appeal would be wholly frivolous, indicated she furnished Appellant with a copy of the brief, and stated she advised Appellant of his rights in lieu of representation. Moreover, counsel has provided this Court with a proper *Anders* brief discussing the issues. Therefore, we shall proceed to an independent evaluation of the record in order to determine the accuracy of counsel's averment that this appeal is wholly frivolous. *Townsend, supra.*

¶ 8 The sole issue raised by Attorney Mertz on Appellant's behalf is whether the trial court abused its discretion by ordering that, as a condition of Appellant's probation, Appellant "shall not possess a computer in his home or use any public computer for a fee or free and shall not own a cell phone with Internet capabilities or a PDA with the same and he shall not access the Internet." Citing to 42 Pa. C.S.A. § 9754(c)(13), Attorney Mertz indicates that the conditions are not reasonably related to Appellant's rehabilitation, are incompatible with Appellant's freedom of conscience, and are unduly restrictive.

¶ 9 Initially, we note that Appellant did not raise this discretionary aspect of sentencing claim during the sentencing proceedings, and he did not file a timely post-sentence motion addressing the claim. Therefore, as the Commonwealth suggests, we find Appellant's discretionary aspect of sentencing claim to be waived. *See Commonwealth v. Shugars,* 895 A.2d 1270 (Pa.Super.2006); *Commonwealth v. Watson,* 835 A.2d 786 (Pa.Super.2003). However, assuming, *arguendo,* that Appellant

trial court subsequently filed a Pa.R.A.P. 1925(a) opinion.

3. In the *Anders* brief, Attorney Mertz avers that, following her appointment to represent Appellant, she filed with the trial court two post-sentence motions seeking to modify Appellant's sentence. Neither of these motions nor the trial court's subsequent denials thereof appears in the certified record. However, assuming such post-sentence motions were filed by Attorney Mertz, the motions were clearly untimely, filed more than thirty days from when Appellant was sentenced, and filed after Appellant filed his *pro se* appeal to this Court.

properly presented his discretionary aspect of sentencing claim in the court below, we find that the claim is meritless.

When the discretionary aspects of a judgment of sentence are questioned, an appeal is not guaranteed as of right. Two criteria must first be met before a challenge to a judgment of sentence will be heard on the merits. First, an appellant must "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence." Pa.R.A.P. 2119(f). Second, an appeal will be granted only "where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." 42 Pa. C.S.A. § 9781(b).

\* \* \*

The determination of whether a substantial question exists must be determined on a case-by-case basis. It is only where an appellant can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. A substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions where [*sic* ] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Koren,* 435 Pa.Super. 499, 646 A.2d 1205, 1207–1208 (1994) (quotations and citations omitted).

¶ 10 In the case *sub judice,* the *Anders* brief sets forth a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f) and raises a substantial question as to whether Appellant's sentence is inconsistent with 42 Pa.C.S.A. § 9754(c)(13), which is a specific provision of the Sentencing Code. *See Commonwealth v. Fullin,* 892 A.2d 843 (Pa.Super.2006) (holding that an appellant who challenges a condition of his probation imposed under 42 Pa.C.S.A. § 9754 raises a substantial question); *Commonwealth v. Hermanson,* 449 Pa.Super. 443, 674 A.2d 281 (1996) (same). We now turn to the merits of the discretionary aspect of sentencing claim raised in the *Anders* brief.

■ ¶ 11 In imposing an order of probation, a court may require a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13).

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life.

*Commonwealth v. Koren,* 435 Pa.Super. 499, 646 A.2d 1205, 1208–1209 (1994) (citations omitted). Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them. *Id.*

■ ¶ 12 In the instant case, the trial court placed upon Appellant's probation a condition that Appellant not possess or use a computer, own a cell phone or PDA with Internet capabilities, or otherwise access the Internet. As the trial court indicated in its opinion, the conditions were meant for rehabilitative purposes and to assist Appellant with his future as a law-abiding citizen. In light of the fact the criminal

charge of sexual abuse of children arose from Appellant's use of his computer to download from the Internet sexually explicit photographs of young girls, we conclude that prohibiting Appellant from having access to the Internet for a period of time is rationally related to the trial court's rehabilitative goals. Moreover, Appellant has no inherent right to Internet access.

¶ 13 We note that "a person placed on probation does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who [have] not run afoul of the law." *Koren,* 646 A.2d at 1209 (quotations omitted). A probation order with conditions placed on it will to some extent always restrict a person's freedom. *Id.* Just as a defendant who uses his vehicle to drive while intoxicated or to endanger the welfare of children may be prohibited from operating a motor vehicle while on probation, *Fullin, supra* and *Hermanson, supra,* or a defendant who is convicted of corrupting the morals of a minor may be prevented from having contact with any juveniles or young adults while on probation, *Commonwealth v. Reggie,* 264 Pa.Super. 427, 399 A.2d 1125 (1979) (*en banc*), so too, may a defendant who uses his computer and other Internet capable equipment to access pornographic photographs of young girls be prohibited from using a computer or other Internet capable equipment while on probation. The trial court's condition of probation served the important goals of protecting the public and preventing recidivism, and we find that the trial court did not abuse its discretion in preventing Appellant from accessing the Internet in this case.[4]

¶ 14 In addition, as indicated *supra,* after Attorney Mertz filed her *Anders* brief and petition to withdraw her representation, Appellant filed a *pro se* brief for our consideration. In his brief, Appellant contends Attorney Dautrich was ineffective in failing to advise Appellant adequately regarding his post-sentence rights and the trial court erred in ordering as a condition of Appellant's probation that Appellant not possess or use a computer or otherwise utilize equipment to access the Internet. To the extent Appellant raises an ineffective assistance of trial counsel claim, which was not developed in the trial court, we dismiss the claim without prejudice to afford Appellant an opportunity to raise the claim in a timely petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002). To the extent Appellant alleges the trial court's condition of probation was an abuse of discretion, we find it unnecessary to discuss the issue further.

¶ 15 Finally, we have conducted our own independent review of the record and have determined that there are no meritorious issues to be addressed. Therefore, we grant Attorney Mertz' petition to withdraw her representation and affirm the judgment of sentence.

¶ 16 Counsel's Petition to Withdraw Granted; Affirmed.

---

**4.** To the extent Attorney Mertz indicates in the *Anders* brief that the condition of probation is unreasonable since Appellant requires a computer to further his academic goals and the public library computers have software installed which deny access to the Internet, we note the trial court considered and rejected these arguments in its opinion. *See* Trial Court Opinion filed 8/10/05 at 4. We find no abuse of discretion.