J-S58039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEVEN L. WISE | |
| Appellee | No. 609 MDA 2015 |

Appeal from the Judgment of Sentence March 4, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001918-2013

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:        **FILED NOVEMBER 04, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence imposed upon Appellee, Steven L. Wise, following revocation of Appellee's intermediate punishment program ("IPP") sentence. On August 14, 2014, Appellee entered a negotiated plea of *nolo contendere* to driving under the influence of alcohol or a controlled substance ("DUI") and driving while operating privilege is suspended or revoked.[1]  That day, the court sentenced Appellee in accordance with the negotiated plea agreement and imposed a 60-month IPP sentence for Appellee's DUI conviction; the court imposed a concurrent term of 60 days' imprisonment

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1); 1543(b)(1).

_____

*Retired Senior Judge assigned to the Superior Court.

for Appellee's remaining conviction. A condition of the plea agreement provided that if Appellee violated the terms of his IPP sentence and became subject to resentencing, the new sentence imposed would be a state sentence. On January 9, 2015, Appellee stipulated that he violated a term of his IPP sentence by bringing legal papers into jail following his return from work release on November 20, 2014.[2] The court revoked Appellee's original IPP sentence and held resentencing hearings on February 18, 2015 and March 4, 2015, at which time the parties discussed whether the court was bound to impose a state sentence for Appellee's technical violation based on the language of the plea agreement. Following the hearing on March 4, 2015, the court declined to impose a state sentence given the nature of this violation and re-imposed a 60-month IPP sentence for Appellee's DUI conviction, with credit for time served. On April 2, 2015, the Commonwealth timely filed a notice of appeal and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, the Commonwealth presents its issue as a challenge to the court's sentencing discretion. Preliminarily, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Hartman*, 908 A.2d 316 (Pa.Super. 2006). *See also* Pa.R.Crim.P. 708(E)

---

[2] The two pieces of paper at issue were court documents in other inmates' cases, which were public record.

(stating motion to modify sentence imposed after revocation shall be filed within 10 days of date of imposition). Instantly, the court resentenced Appellee on March 4, 2015. The Commonwealth did not object following imposition of sentence or file a timely post-sentence motion challenging the discretionary aspects of the court's sentence. ***See id.*** Thus, the Commonwealth's issue is waived.[3] Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/4/2015</u>

_____

[3] To the extent the Commonwealth argues the new sentence violates the plea bargain and/or the coordinate jurisdiction rule, we observe Section 9771, which states: "Upon revocation the sentencing alternatives available shall be the same as were available at the time of initial sentencing…." 42 Pa.C.S.A. § 9771(b). ***See also Commonwealth v. Wallace***, 582 Pa. 234, 870 A.2d 838 (2005) (holding that, upon revocation, court is free "to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor"); ***Commonwealth v. Partee***, 86 A.3d 245 (Pa.Super. 2014) (stating same).