J-S11009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FLOYD NOEL, | |
| Appellant | No. 459 WDA 2016 |

Appeal from the Judgment of Sentence of January 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008001-2015

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J:                    **FILED MARCH 17, 2017**

Appellant, Floyd Noel, appeals from the judgment of sentence entered on January 12, 2016, following his bench trial convictions for one count each of escape,[1] fleeing or attempting to elude police officers,[2] obstructing administration of law,[3] resisting arrest,[4] three counts of recklessly endangering another person (REAP),[5] and thirteen summary traffic offenses. We affirm.

---

[1] 18 Pa.C.S.A. § 5121.

[2] 75 Pa.C.S.A. § 3733.

[3] 18 Pa.C.S.A. § 5101.

[4] 18 Pa.C.S.A. § 5104.

[5] 18 Pa.C.S.A. § 2705.

*Former Justice specially assigned to the Superior Court.

We briefly summarize the facts and procedural history of this case as follows. On May 30, 2015, at approximately 2:00 a.m., officers of the McKeesport Police Department observed Appellant fail to stop at a stop sign and then turn into a shopping center without signaling. Police instituted a traffic stop, activating their emergency lights and sirens. The officer possessed personal knowledge that Appellant had prior arrests for firearms and observed Appellant lowering his left shoulder towards the floor of the vehicle. The officer told Appellant the reason for the traffic stop, obtained Appellant's license and a rental agreement for the vehicle, and asked Appellant if he had any weapons on him. When Appellant queried why the officer inquired about weapons, the officer asked Appellant to step out of the vehicle. Appellant sped off at a high rate of speed, leaving his credentials with the police. The original police officers, as well as a back-up unit, engaged in the pursuit of Appellant through the streets of McKeesport. Officers estimated that Appellant reached speeds of 90 miles per hour. At one point, Appellant almost collided head-on with one of the police vehicles. Appellant eventually outran the police and they called off the chase. Appellant turned himself over to authorities shortly thereafter.

On October 22, 2015, the trial court held a bench trial and found Appellant guilty of the aforementioned charges. On January 12, 2016, the trial court, with the benefit of a pre-sentence investigation report, sentenced Appellant to an aggregate term of 51 to 102 months of imprisonment. More specifically, the trial court sentenced Appellant to consecutive

standard-range sentences for escape, fleeing or attempting to elude police officers, and the three counts of REAP, with no further penalties on the remaining offenses. Appellant filed a timely post-sentence motion on January 14, 2015, arguing that his sentence was excessive. Following a hearing on Appellant's post-sentence motion, the trial court denied relief by order entered on March 17, 2016. This timely appeal resulted.[6]

On appeal, Appellant presents the following issue[7] for our review:

> I. Did the sentencing court abuse its sentencing discretion by imposing an excessive and clearly unreasonable aggregate sentence, without sufficiently considering and addressing appropriate sentencing factors?

Appellant's Brief at 7 (complete capitalization and suggested answer omitted).

_____

[6] Appellant filed a notice of appeal on March 31, 2016. On August 8, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 2, 2016.

[7] Appellant presented another issue in his Rule 1925(b) statement, contending that the Commonwealth failed to present sufficient evidence to support his escape conviction. He abandons the claim on appeal by failing to present any argument on this issue, which results in waiver. The failure to properly develop a claim or cite to legal authority in an appellate brief renders an issue waived. *Commonwealth v. Roche*, 2017 WL 34931, at *9 (Pa. Super. 2017). Moreover, we note that in challenging the discretionary aspects of sentencing before the trial court, Appellant also argued that it was error for the trial court to have imposed consecutive sentences. Appellant, however, has abandoned this aspect of his claim on appeal and we find it waived, as well.

In sum, Appellant avers:

> The sentence here was clearly unreasonable since the [trial] court imposed its aggregate sentence without adequately addressing [Appellant's] rehabilitative needs. It is unclear from the sentencing transcript how the [trial] court felt that this sentence would further [Appellant's] rehabilitative needs. [Appellant] took responsibility for his actions and turned himself into police. Further, he apologized to the court and the police for his behavior during this incident. Additionally, [Appellant] has a family with four children who need him. While he is incarcerated, his children will grow without their father to provide for them and support them. These factors individual to [Appellant] were not adequately addressed or considered by the [trial] court.
>
> Also, even though [Appellant's] actions were reckless, the community was not seriously impacted. This incident occurred late at night and [Appellant] was nervous for his safety. Fortunately, no one was injured during this brief late night chase. There were no car accidents, no property damage occurred, and no physical injuries were reported as a result of this brief chase. These factors were important for the court to consider; however, the sentencing court focused on the danger this chase could have had on the community.

*Id.* at 18-19 (record citation omitted).

When considering a challenge to the discretionary aspects of a sentence on appeal, this Court's standard of review is limited:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 4 -

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (internal citation omitted). It is well-established that a criminal defendant does not have an absolute right to challenge the discretionary aspects of his sentence on appeal. *See Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003). Before this Court will consider such a claim, two preliminary requirements must be met:

> First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.

*Id.* (citations omitted).

"The determination of whether a substantial question exists must be determined on a case-by-case basis." *Commonwealth v. Hartman*, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*. Finally, we note that issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003).

Here, Appellant filed a post-sentence motion challenging the discretionary aspects of his sentence and has included a concise statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Thus, we turn to whether Appellant has raised a substantial question for review.

"An allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011) (citation omitted); *see also Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (same); *see also Commonwealth v. Dalberto*, 648 A.2d 16, 22 (Pa. Super. 1994) ("the mere assertion that the trial court failed to give adequate weight to sentencing factors will not rise to the level of a 'substantial question'" where an appellant "simply ask[s] this [C]ourt to reweigh the mitigating circumstances presented at sentencing and in the pre-sentence report").

Here, Appellant challenges the trial court's failure to consider: (1) his remorse, acceptance of responsibility, and apology; (2) his role as caregiver, and; (3) the lack of physical injuries or property damage. Appellant's argument solely challenges the weight the trial court afforded the mitigating circumstances he presented. As such, he has not presented a substantial question for our review and he is not entitled to relief. Accordingly, we deny Appellant permission to appeal and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017