J-A31032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| DARNELL FOSTER | : : | |
| Appellant | : | No. 3572 EDA 2016 |

Appeal from the Judgment of Sentence October 27, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005272-2015

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 03, 2018**

Appellant Darnell Foster appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on October 27, 2016, following the revocation of his probation.

We find that: 1) the Commonwealth's burden of proof in establishing a probation violation is a preponderance of the evidence; and 2) that a probation violation can be established whenever it is shown that the conduct of the probationer indicates the probation is an ineffective vehicle to accomplish rehabilitation and is not sufficient to deter against future antisocial conduct.

Because the Commonwealth has shown by a preponderance of the evidence that probation has not sufficiently rehabilitated Appellant and has not deterred Appellant from engaging in antisocial conduct in 2016, we affirm the trial court's revocation of probation.

_____

\* Former Justice specially assigned to the Superior Court.

The trial court set forth the relevant procedural history and facts herein as follows:

**PROCEDURAL HISTORY**:

[Appellant] was arrested on May 6, 2015, and charged with possession with intent to deliver and simple possession of a controlled substance. On July 7, 2015, [Appellant] entered into a negotiated guilty plea to possession with intent to deliver in return for a sentence of four years' probation. [Appellant] was detained on August 3, 2016 as a result of the photographs he had posted on his Instagram and Facebook accounts, copies of which are attached hereto, made a part hereof and marked as Appendix "A". The eight pictures depict a nine millimeter gun and hundred dollar bills; a large wad of hundred and fifty dollar bills; numerous Percocets spelling out "FUCK YOU"; another large cache of pills; a bag of marijuana; [Appellant] wearing his house arrest ankle bracelet fanning out the wad of hundred and fifty dollar bills; and [Appellant's] sentencing sheet from this case noting that [Appellant] had been placed on "youth violence reduction probation." (Appendix A). (N.T. 10-27-2016, pp. 7-9). On October 27, 2016, [Appellant] was found in violation of his probation and resentenced to eleven and one-half to twenty-three months' incarceration, followed by seven years' probation.

***

**FACTS:**

[Appellant] pled guilty to possession with intent to deliver a controlled substance in 2015. By July 8, 2016, [Appellant] had posted several photographs to both his Instagram and Facebook accounts under the name of "call me drama". (N.T. 10-27-2016, pp. 3-11). (Appendix A). [Appellant] does not contest that they were his accounts or that he posted the photos. (N.T. 10-27-2016, p. 25). The prosecution admitted the photographs, along with [Appellant's] commentary, to illustrate the various aspects of 'thug life' that [Appellant] has posted to his social media accounts. (N.T. 10-27-2016, pp. 3-11). The first picture depicts a semi - automatic pistol with two wads of money. Next, a photo of a wad of money, including a hundred dollar bill and at least one fifty dollar bill. The third photo depicts numerous Percocets formed to

- 2 -

spell out "FUCK YOU" with [Appellant's] notation "call_me_drama_Fuck you #perklife fiatline_nizzy." Fourth is a picture of numerous Percocets with the notation "call_me_drama_15s around." The fifth photo shows a bag of what obviously is marijuana. Next, [Appellant] is sitting on a step counting a large wad of money, followed by a picture of his guilty plea agreement in the above-captioned matter with his explanation "Couldnt [sic] beat the case 4 years probation." The last photo depicts the ankle monitor on [Appellant's] leg. (Appendix A).

Trial Court Opinion, filed 3/31/17, at 1-3.

On November 7, 2016, Appellant filed his Motion for Reconsideration of VOP Sentence, and the trial court denied the same without a hearing in its Order entered on November 9, 2016. Appellant filed a timely notice of appeal on November 18, 2016, and both Appellant and the trial court have complied with Pa.R.A.P. 1925.

In his brief, Appellant presents the following Statement of Questions Involved:

1. Whether the revocation of probation based on conduct that did not violate any specified condition of probation abridged state law and due process rights?

2. Are not the First Amendment and Article I, § 7 of the Pennsylvania Constitution violated if revocation is sustained on the basis of the social media postings in this case?

Brief for Appellant at 6.

Appellant's arguments assail the validity of the proceeding and do not challenge the trial court's sentencing decision. When examining a challenge to the validity of probation revocation proceedings, this Court applies the following standard of review:

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014) (Allen, Olson, and Ott, JJ.) (quotation marks and citations omitted).

The Commonwealth's burden of proof in establishing a probation violation is well-settled:

The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated*: **A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct**. Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.

*Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa.Super. 2010) (Stevens, Mundy, and McEwen, JJ.) (citations and footnote omitted) (emphasis added).

In addition, this Court has emphasized that a probation revocation hearing is not a trial, and the Commonwealth's burden of proof for establishing a violation of probation is a preponderance of the evidence: "The court's purpose is not to determine whether the probationer committed a crime .... It

follows that probation revocation hearings are flexible, and material not admissible at trial may be considered by the court. The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. Probation may be revoked on the basis of conduct which falls short of criminal conduct." **Commonwealth v. Castro**, 856 A.2d 178, 180 (Pa.Super. 2004) (citation and quotation marks omitted).

Appellant herein admits "he acted stupidly and inappropriately by posting pictures on his Facebook and Instagram accounts of money, a firearm and drugs," and that "[t]he pictures posted, in order to show off, obtained from the [I]nternet (except for some money) showed a disrespect for the court with its glorification of 'gangsta' culture." Brief for Appellant at 9. Notwithstanding, Appellant maintains that "the resulting revocation of probation and sentence of imprisonment is impermissible because at the time of his social media inappropriate behavior there was no probation condition that he violated." *Id*. at 10.

Appellant reasons that his probation violation charge, which arose from his posting of offensive pictures on his social media accounts that are readily available on the Internet, contravenes his due process and free speech rights under the First Amendment and Article I, Section 7 of the Pennsylvania Constitution. *Id*. at 13-14. Appellant urges this Court to reverse the trial court's revocation of his probation because there was no condition on his probation barring his use of social medial accounts as he did. *Id*. at 16.

The question before us is whether the evidence admitted at the VOP hearing established by a preponderance of the evidence that probation had proven ineffective at rehabilitating Appellant and deterring him from antisocial behavior. *Ortega, supra*, at 886. By his own admission, the images Appellant posted on his social media accounts illustrate his association of himself with contraband, a propensity for violence, and the glorification of drugs as well as show his lack of rehabilitation and his antisocial conduct. This is especially so since he pled guilty to possession with intent to deliver heroin, a dangerous and addictive opioid. It is irrelevant whether the postings depict Appellant or are images downloaded from the Internet.

Moreover, although Appellant asserts the Commonwealth presented no evidence he was in possession of illegal drugs or firearms, he at no time has denied it was he in the photographs or that many of the images depict contraband. N.T. VOP Hearing, 10/27/16, at 1-17. To the contrary, Appellant specifically stated on the record:

> [Appellant]: I know what I did was wrong. I posted the pictures. But I was just trying to show off to people. But none of that stuff is mine. The money is mine. I was working. I was doing what I had to do. I was even trying to go to school. I even asked my PO to help me get it. I did sign, did the applications, but by the time I found out I was locked up. I was trying.
> I know everything I did was dumb. It was stupid. And I blame it on me. But I'm just asking for another chance.

N.T. VOP Hearing, 10/27/16, at 25.

Appellant pled guilty to PWID heroin on July 7, 2015, and the trial court sentenced him to a negotiated term of four years' probation. Appellant was

placed under the supervision of the Probation Department's Anti-Violence policy; yet, his social media posts illustrate his continued glorification of and association with the drug culture over a year later. Appellant never contests that an individual on probation is prohibited from illegally possessing controlled substances and a firearm. *See Commonwealth v. Parker*, 152 A.3d 309, 318 (Pa.Super. 2016) (emphasis added) (reiterating that 42 Pa.C.S.A. § 9912 essentially authorizes county probation officers to search a probationer's person or property, if there is reasonable suspicion to believe the probationer possesses contraband *or* other evidence of violations of the conditions of supervision).

Assuming, *arguendo*, that when he posted the photographs Appellant intended nothing more than to "show off to people," the fact remains that the Commonwealth presented unrefuted evidence that the images of illegal drugs, firearms, and large amounts of currency, coupled with the photograph of his sentencing sheet and commentary thereon, actively suggest Appellant's continued involvement with these items. In *Commonwealth v. Infante*, 585 Pa. 408, 421, 888 A.2d 783, 791 (2005) our Supreme Court stated that "[a] probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." (citation omitted).

Among Appellant's posts was a photo of his Negotiated Guilty Plea entered on July 7, 2015, along with his expression of remorse not for engaging in the sale of illegal drugs which led to that plea but, rather, at his inability to avoid prosecution: "Couldn[']t beat the case 4 years['] probation." Clearly, being on probation had not sufficiently rehabilitated Appellant or deterred him from engaging in antisocial conduct.

In support of its decision to revoke Appellant's probation and resentence him to a term of imprisonment, the trial court reasoned:

> What is crystal clear from these photographs, posted by [Appellant] on his social media accounts, is that he does not take probation seriously and clearly is not attempting to conform to society's expectations of its citizenry. [Appellant's] embracement of all things 'gansta,' including illegal drugs, guns and violence, is not the reformation this court had in mind for [Appellant] when he was placed on probation. [Appellant's] conduct clearly indicates that probation was an ineffective vehicle to accomplish his rehabilitation and deter against [Appellant's] future antisocial conduct, as he has chosen to highlight his defiance or indifference regarding his crimes, rather than any display of remorse. The Commonwealth clearly met its burden by a preponderance of the evidence and the court did not abuse its discretion in revoking probation. *See Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa.Super. 2010); *Commonwealth v. Kuykendall*, 2 A.2d 559, 563 (Pa.Super. 2010); *Commonwealth v. Brown*[,] 503 Pa. 514, 469 A.2d 1371 (1983).

Trial Court Opinion, 5/31/17, at 5.

We discern no error of law or abuse of discretion in the trial court's analysis and revocation of Appellant's probation. *See, e.g., Commonwealth v. Malovich*, 903 A.2d 1247, 1253–54 (Pa.Super. 2006) (where an appellant displayed an "attitude problem" toward probation, was "not willing to change,"

and had not been "putting anything into" court-imposed rehabilitation efforts, court properly determined that probation was no longer appropriate and imposed period of incarceration).

As to Appellant's claim concerning his First Amendment rights, his position proceeds from the flawed assumption that his act of posting the images constitutes protected free speech under the United States and Pennsylvania constitutions and that a violation of a specific probationary term directing that he refrain from possessing illegal drugs, when he was on probation for PWID, and/or that he refrain from using social media was necessary to sustain the trial court's decision. Clearly, while a probationer has certain constitutional rights, those rights are restricted and as such, there is no violation of those rights in the instant case. *See Commonwealth Hartman*, 908 A.2d 316, 321 (Pa. Super. 2006) (stating "a person placed on probation does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who have not run afoul of the law." (citation omitted)).

In light of the foregoing, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2018