J-S42020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH TODD, | : | |
| | : | |
| Appellant | : | No. 2366 EDA 2018 |

Appeal from the Judgment of Sentence Entered, June 22, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0012129-2014.

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:           **FILED OCTOBER 15, 2019**

Kenneth Todd appeals from the judgment of sentence imposed following his conviction of robbery[1] and aggravated assault.[2]   Additionally, Todd's counsel filed a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).   We grant counsel's petition, and affirm Todd's judgment of sentence.

On July 25, 2014, at approximately 10:30 p.m., Todd entered an apartment located at 1318 Pine Street and found Maryanne McHenry inside. When Todd entered, he yelled at McHenry, asking, "Where's the money,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii)

[2] 18 Pa.C.S.A. § 2702(a)(1).

Bitch?" N.T., Guilty Plea, 6/22/2015, at 9. Todd approached McHenry, grabbed her throat, and strangled her with one hand. With his other hand, Todd delivered one punch to McHenry's face, leaving her unconscious. When McHenry regained consciousness, she called 9-1-1. McHenry was transported to a local hospital and treated for a right orbital facture, bleeding on the brain, loss of a tooth, and a laceration on her mouth that required 24 stitches. As a result of these injuries, McHenry lost feeling on one side of her face, and lost the ability to taste on one side of her mouth. McHenry also had to wear an eye patch for five months.

Philadelphia police detectives processed the scene at the apartment and secured latent finger prints, which were later confirmed as Todd's. Additionally, the detectives showed McHenry an eight-person photo array, and she identified Todd as her assailant. Further, Louis Black, the owner of the apartment, notified detectives that an Apple laptop was missing from the property. McHenry confirmed that the laptop was in the apartment before Todd entered.

Police arrested Todd and charged him with robbery, aggravated assault, and other related offenses. On June 22, 2015, Todd waived his right to a jury trial, and pled guilty to robbery and aggravated assault, both felonies of the first degree. That same day, the trial court sentenced Todd to an aggregate term of fifteen to thirty years of incarceration.

Todd did not file a direct appeal, nor any post-sentence motions. Todd filed a timely *pro se* petition pursuant to the Post Conviction Relief Act

("PCRA").[3] The court appointed counsel, who filed an amended PCRA petition alleging that Todd's prior counsel failed to file a direct appeal at Todd's request. As a result of that filing, the PCRA court reinstated Todd's direct appeal rights, *nunc pro tunc*.

Thereafter, Todd filed a timely notice of appeal. The trial court ordered Todd to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, counsel filed a statement of intent to file an **Anders** brief. Given that neither counsel nor Todd raised any claim of error before the trial court, the trial court declined to file an opinion pursuant to Pa.R.A.P. 1925(a).

In this Court, counsel filed a petition to withdraw as counsel and an accompanying **Anders** brief. In the **Anders** brief, counsel raises the following issues that might arguably support Todd's appeal:

1. Was [Todd's] guilty plea valid?

2. Was [Todd] competent to enter a plea?

3. Was [Todd's] sentence legal?

**Anders** Brief at 6.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted). Pursuant to **Anders**, when counsel

_____

[3] 42 Pa.C.S.A. §§ 9541-9546.

believes an appeal is frivolous and wishes to withdraw from representation, she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1)   provide a summary of the procedural history and facts, with citations to the record;
>
> (2)   refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)   set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally

or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicates that she conscientiously examined the record and determined that an appeal would be frivolous. Further, the ***Anders*** brief comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record includes a copy of the letter that counsel sent to Todd, advising him of his right to proceed *pro se* or retain alternate counsel to file additional claims. Counsel also stated her intention to seek permission to withdraw in the letter.[4] Accordingly, counsel has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Todd's appeal is wholly frivolous.

The first issue raised in the ***Anders*** brief addresses whether Todd knowingly, voluntarily, and intelligently entered his guilty plea. The second issue addresses whether Todd was competent to enter a guilty plea. Because both of these issues implicate the validity of Todd's guilty plea, for ease of disposition, we will address them together. Prior to analyzing the merits of these issues, we must first determine whether they have been preserved for our review.

---

[4] Todd did not file a response to the ***Anders*** brief.

A defendant wishing to challenge the validity of a guilty plea on appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. **See** Pa.Crim.R.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. **See Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super 2013); **see also Commonwealth v. Tarelia**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (explaining that in order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Because Todd failed to raise any issues regarding the validity of his plea before the trial court during the plea colloquy, at the sentencing hearing, or in a post-sentence motion to withdraw his plea,[5] we conclude that Todd's challenges to the validity of his guilty plea are waived.

---

[5] We note that although the PCRA court reinstated Todd's direct appeal rights *nunc pro tunc*, the court did not reinstate his right to file post-sentence motions, and such a right is not automatic. **See Commonwealth v. Liston**, 977 A.2d 1089, 1094 (Pa. 2009) (holding that a defendant's right to file a post-sentence motion *nunc pro tunc* is not automatically reinstated when the court grants the right to file a notice of appeal *nunc pro tunc*). Moreover, even if the PCRA court's reinstatement of Todd's right to file a notice of appeal

In his third issue, Todd challenges the legality of his sentence. Unlike challenges to the validity of the guilty plea, pursuant to 42 Pa.C.S.A. § 9781(a), "[t]he defendant or the Commonwealth may appeal as of right the legality of the sentence." *See Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008) (holding that challenges to the legality of the sentence are non-waivable, and may be brought for the first time on appeal).

In this case, Todd pled guilty to robbery and aggravated assault, both of which are felonies of the first degree. Pursuant to 18 Pa.C.S.A. § 1103(1), the maximum possible sentence for a felony in the first degree is twenty years of incarceration. The trial court sentenced Todd to ten to twenty years of incarceration for robbery, and a consecutive term of five to ten years of incarceration for aggravated assault. Because Todd's sentences fall within the statutory maximum, the sentences are legal. Consequently, Todd's challenge to the legality of his sentence would be wholly frivolous, as Todd does not raise, nor would the record support, any other potential challenges implicating the legality of his sentence.[6]

---

*nunc pro tunc* encompassed his right to file a post-sentence motion *nunc pro tunc*, no such motions were filed.

[6] To the extent that Todd's claims implicate the discretionary aspects of his sentence, any such claims were waived when Todd failed to raise an objection at sentencing or in a post-sentence motion to modify the sentence with the trial court. *See Commonwealth v. Hartman*, 908 A.2d 316, 319 (Pa. Super. 2006).

Finally, our review of the record discloses no other non-frivolous issues that Todd's counsel overlooked. Accordingly, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw granted, judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/19