J-A16044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARON DARNELL WILSON JR. | : | |
| | : | |
| Appellant | : | No. 1620 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 23, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005738-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARON DARNELL WILSON JR. | : | |
| | : | |
| Appellant | : | No. 1621 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 23, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005963-2016

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 15, 2020**

Laron Darnell Wilson, Jr. ("Wilson"), appeals from the judgments of sentence imposed following the revocation of his probation. We affirm.

In its Opinion, the trial court set forth the relevant factual background as follows:

On December 11, 2017, at docket number 5738-CR-2016 [("5738-2016")], [Wilson] was found guilty of indecent assault, unlawful contact with a minor, and corruption of minors[,]

following a jury trial before the Honorable Scott Arthur Evans. He was sentenced to [an aggregate term of] 8½ to 23 months of imprisonment, with a concurrent [term of] 84 months (7 years) of county probation.

On March 16, 2018, at docket number 5963-CR-2016 [("5963-2016")], [Wilson] entered a plea of no-contest to indecent assault pursuant to a negotiated plea agreement before the Honorable William T. Tully. He was sentenced to five (5) years of [] county probation[, to be served concurrently with the sentence at 5738-2016.[1]]

In early November of 2018, [Wilson] was released from incarceration. Less than one month later, he was detained for seven [alleged] parole violations. A revocation hearing was held before [Judge Evans] on January 23, 2019[,] and it was determined that [Wilson had] violated his supervision. As a result, [Wilson] was sentenced to 12 to 60 months of imprisonment at [5738-2016], and a consecutive term of 18 to 60 months of imprisonment [at 5963-2016] [,] for an aggregate sentence of 30 to 120 months of incarceration[].

Trial Court Opinion, 5/1/19, at 1-2 (footnote omitted; paragraph break added). On January 29, 2019, Wilson filed a Motion to Modify and Reduce his sentence, which the trial court denied.

On October 1, 2019, after having his direct appeal rights reinstated, *nunc pro tunc*, Wilson filed *Nunc Pro Tunc* Notices of Appeal, one at each docket number. Wilson subsequently filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Wilson presents the following questions for our review:

---

[1] Wilson's probationary sentences at both docket numbers included standard rules of probation and sex offender conditions.

1. Whether any finding of probation or parole violation related to Sex Offender Conditions #5 and 14 (registration of social media and access and/or participation in social networking websites, respectively) violates [Wilson]'s constitutional rights under both the United States and Pennsylvania Constitutions pursuant to *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017)?

2. Whether the [trial c]ourt erred by finding a violation of Sex Offender Condition [n]o. 11 (accessing impermissible websites) where there was insufficient evidence that any impermissible website was accessed during supervision[,] or that any pornographic video was accessed or received during supervision?

3. Whether the trial court erred by finding a violation of Rule 9 (restrictions on travel more than 50 miles outside of Dauphin County) when there was insufficient evidence to establish travel more than 50 miles outside of Dauphin County[,] as there was no admission by [Wilson,] and any violation was based upon unsubstantiated text messages, pictures, and video?

4. Whether the trial court violated 42 Pa.C.S.[A.] § 9771(c) by sentencing [Wilson] to a term of state incarceration for violating his probation when [Wilson] was not convicted of a new crime and the [trial c]ourt made no finding that [Wilson] was likely to commit a new criminal offense or that the prison sentence was essential to vindicate the authority of the court[?]

Brief for Appellant at 6-7.

In his first claim, Wilson alleges that the trial court erred in revoking his probation based on a violation of Sex Offender Probation Condition numbers 5 and 14, which prohibit Wilson from accessing and participating in online social media websites. *Id.* Wilson cites *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), in which the United States Supreme Court held that a state statute prohibiting a convicted sex offender from accessing social media websites violates the First Amendment to the United States Constitution. Brief for Appellant at 14-15. Wilson concedes that no

Pennsylvania Court has applied the holding in *Packingham* to conditions of probation, but points out that this Court has stated that a trial court may not impose conditions of probation that are "unduly restrictive of [the probationer's] liberty or incompatible with his freedom of conscience." *Id*. at 17 (citing *Commonwealth v. Hartman*, 908 A.2d 316 (Pa. Super. 2006)). Wilson contends that Conditions 5 and 14 are unconstitutional because they restrict his liberty, and therefore, the trial court could not find him in violation of these conditions. *Id.* at 17-20.

"In reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." *Commonwealth v. Starr*, 2020 PA Super 147, at *8 (filed June 23, 2020).

Here, Wilson's claim challenges the discretionary aspects of his December 11, 2017, and March 16, 2018, judgments of sentence, rather than the present judgments of sentence imposed after the revocation of his probation. *See Commonwealth v. Houtz*, 982 A.2d 537, 537 (Pa. Super. 2009) (stating that an appellant's claim that a condition of probation is "unduly restrictive and/or incompatible with [his] freedom of conscience" is an appeal from the judgment of sentence that imposed said condition). Therefore, Wilson was required to raise this claim in a direct appeal from the

December 11, 2017, and March 16, 2018, judgments of sentence.[2] Accordingly, this claim falls outside of our scope of review and we are constrained from reviewing it. **See Starr**, **supra**; **Houtz**, **supra**.[3]

In his second claim, Wilson alleges that the trial court erred in finding that he had violated Sex Offender Probation Condition number 11. Brief for Appellant at 21-23. Wilson argues that there was insufficient evidence produced at his hearing to prove that he had accessed an impermissible website and downloaded pornographic videos while under county supervision. **Id.** at 22-23. Wilson does not dispute that his phone contained pornographic videos. **Id.** at 22. Instead, he asserts that there was no evidence offered to prove that he had downloaded the videos while under county supervision, and not prior thereto. **Id.**

> A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at [the probation revocation hearing] and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing

_____

[2] Wilson filed a direct appeal of his judgment of sentence at 5738-2016, in which he challenged the sufficiency and weight of the evidence supporting his convictions. On October 3, 2018, this Court affirmed Wilson's judgment of sentence. **See Commonwealth v. Wilson**, 200 A.3d 532 (Pa. Super. 2018) (unpublished memorandum). Wilson did not appeal his judgment of sentence at 5963-2016.

[3] We note that the trial court's reinstatement of Wilson's direct appeal rights, *nunc pro tunc*, only applied to an appeal of Wilson's January 23, 2019, judgment of sentence, following the revocation of his probation. **See** Order, 9/26/19.

court may not weigh the evidence or substitute its judgment for that of the [fact-finder].

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. … A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014) (citations, quotation marks and brackets omitted).

Wilson's Sex Offender Probation Condition number 11 states, "I may not purchase, **possess** or transport any pornographic or sexually explicit materials including but not limited to photographs, magazines, movies, DVD's, CD's, Video[]s, Computer generated images, sexually explicit stories and any similar material." Notice of Alleged Violations of Probation/Parole/Intermediate Punishment, 12/11/18, at 1 (unnumbered; emphasis added). Dauphin County Adult Probation Officer Adam Voneida ("APO Voneida") testified that while Wilson was under county supervision "[t]here [were] several pornographic videos downloaded on [Wilson's] phone, in his gallery. … There was also a video on his phone of a woman

- 6 -

fingering herself." N.T. (Revocation Hearing), 1/23/19, at 4. We conclude that this evidence is sufficient to establish that Wilson "possess[ed] … pornographic or sexually explicit materials," while he was under county supervision, and the trial court did not abuse its discretion in finding that Wilson had violated Sex Offender Condition number 11. ***See Colon***, ***supra***.

In his third claim, Wilson alleges that the trial court erred in finding that he had violated Probation Rule number 9. Brief for Appellant at 24. Wilson argues that there was insufficient evidence produced at his revocation hearing to prove that he had traveled more than 50 miles outside of Dauphin County while under county supervision. ***Id.***

Probation Rule number 9 states, "[y]ou must get written permission from your Probation/Parole Officer prior to traveling more than fifty (50) miles outside of Dauphin County." Notice of Alleged Violations of Probation/Parole/Intermediate Punishment, 12/11/18, at 1 (unnumbered). Here, APO Voneida testified that, while Wilson was under county supervision, Wilson traveled to an event in Washington, D.C., and posted videos to Facebook and sent messages to Facebook contacts confirming his location. N.T. (Revocation Hearing), 1/23/19, at 4-5. Wilson presented no evidence demonstrating that he had obtained written permission from APO Voneida to make this trip. ***See id.*** at 3-9. We conclude that this evidence is sufficient to establish that Wilson traveled more than 50 miles outside of Dauphin

County,[4] and the trial court did not abuse its discretion in finding that Wilson had violated Probation Rule number 9. *See Colon*, *supra*.

In his fourth claim, Wilson alleges that the trial court violated 42 Pa.C.S.A. § 9771(c), when it sentenced Wilson to a prison sentence following the revocation of his probation. Brief for Appellant at 25-27. Wilson argues that he did not commit a new crime, and the trial court did not make a finding that Wilson was likely to reoffend, or that the court's sentence was necessary to vindicate its authority. *Id.* at 27.

This issue challenges the discretionary aspects of Wilson's sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

---

[4] Wilson does not dispute that Washington, D.C., is located more than 50 miles from Dauphin County, Pennsylvania. *See* Brief for Appellant at 24.

Wilson filed a timely Notice of Appeal, preserved this claim in his Motion to Modify and Reduce his sentence, and included a 2119(f) Statement within his brief. Additionally, Wilson's claim that the trial court abused its discretion by imposing a jail sentence based solely on a technical violation raises a substantial question. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating that "[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process."). Accordingly, we will address Wilson's discretionary sentencing claim.

Our standard of review is well settled:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Colon*, 102 A.3d at 1043.

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

Here, the trial court stated in its Opinion that

[Wilson]'s sentence of imprisonment upon revocation of his probation reflects this [c]ourt's concerns for the safety of the community, specifically for the safety of minors in the

- 10 -

community. We reiterate the fear of [Wilson]'s presence on social media, as it was his vehicle in the past for contacting minors and being dishonest about his own age. … Additionally, [Wilson] was not allowed to possess any type of pornography while on supervision, yet he violated this special condition and denied knowledge of the prohibited videos. **Supervision is undoubtedly insufficient for [Wilson], who by his conduct just 26 days after his release from prison, made it clear that he will likely commit another crime if he is not incarcerated.**

Trial Court Opinion, 5/1/19, at 7-8 (emphasis added). Accordingly, we conclude that the trial court did not abuse its discretion by sentencing Wilson to a prison sentence following the revocation of his probation. *See Colon*, *supra*; 42 Pa.C.S.A. § 9771(c).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2020