J-S19030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY BRENNAN, | : | |
| | : | |
| Appellant | : | No. 3555 EDA 2017 |

Appeal from the Judgment of Sentence September 14, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000570-2017

BEFORE: SHOGAN, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                              **FILED MAY 18, 2018**

Appellant Gary Brennan appeals from the judgment of sentence imposed following his guilty plea to aggravated indecent assault of a child without consent–victim less than 13 years old.[1]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

We summarize the relevant factual and procedural history as follows. On February 15, 2017, Appellant was charged with four counts each of aggravated indecent assault, endangering welfare of children,[2] corruption of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3125(b).

[2] 18 Pa.C.S. § 4304(a)(1).

minors,[3] and indecent exposure.[4]  The charges stemmed from allegations by Appellant's minor granddaughter, who reported that Appellant sexually assaulted her on numerous occasions from 2011 to 2016, when she was nine to thirteen years of age.  **See** Affidavit of Probable Cause, 2/5/17.

On April 26, 2017, Appellant entered an open guilty plea to one count of aggravated indecent assault.  **See** Guilty Plea Colloquy and Plea, 3/26/17. Sentencing was deferred pending the preparation of a pre-sentence investigation report (PSI) and an assessment by the Sexual Offenders Assessment Board (SOAB) in accordance with the Sex Offender Registration and Notification Act (SORNA).[5]  At the sentencing hearing on September 14, 2017, the trial court determined that Appellant was not a sexually violent predator (SVP), and subsequently classified him as a tier three offender, which

---

[3] 18 Pa.C.S. § 6301(a)(1)(ii).

[4] 18 Pa.C.S. § 3127(a).

[5] 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended by 2018, Feb. 21, P.L. 27, No. 10 ("Act 10")).  Although Appellant does not challenge the lifetime registration period imposed in this case, we acknowledge that there have been significant developments in law surrounding SORNA.  **See** Act 10; **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, **Pennsylvania v. Muniz**, 138 S. Ct. 925 (2018); **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017); **see also Commonwealth v. Lawrence**, 99 A.3d 116, 124 (Pa. Super. 2014) (holding *ex post facto* challenge to sentencing may be waived).  We note here that aggravated indecent assault has been classified as a lifetime registration offense since 2000 and has remained a lifetime registration offense under any iteration of the law up to the present.

requires lifetime registration. N.T., 9/14/17, at 42-43, 59. At that time, the court sentenced Appellant to an aggravated guideline-range sentence of 72-144 months' incarceration.[6] *Id.* at 59.

Appellant filed a motion for reconsideration on September 26, 2017, which the court denied on October 2, 2017. Appellant subsequently filed a timely notice of appeal on November 2, 2017. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

> Whether the [s]entencing [c]ourt abused its discretion in sentencing in the aggravated range, particularly in light of the mitigating factors of Appellant's full contrition, old age, voluntary sexual offender treatment, and lack of any criminal history[.]

Appellant's Brief at 4.[7]

Appellant's issue implicates the discretionary aspects of his sentence. It is well-settled that a challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. McNear*, 852 A.2d 401, 407 (Pa. Super. 2004). To reach the merits of a discretionary issue, this Court must determine whether the appellant: (1) preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) filed a timely notice of appeal; (3) set forth a concise

---

[6] Appellant had a prior record score of zero and an offense gravity score of twelve. N.T., 9/14/17, at 59. Therefore, the standard-range minimum sentence was forty-eight to sixty-six months, plus or minus twelve months for aggravating or mitigating factors. *See* 204 Pa.Code § 303.16(a).

[7] We note that the Commonwealth did not file a brief in this matter.

statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) raises a substantial question for our review. ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

Here, Appellant filed a timely notice of appeal and preserved the issue in a post-sentence motion. Although Appellant's brief does not contain a Rule 2119(f) statement, the Commonwealth did not object. ***See Commonwealth v. Robertson***, 874 A.2d 1200, 1211 (Pa. Super. 2005) (finding that when an appellant fails to include a Rule 2119(f) statement in an appellate brief, and the Commonwealth has not objected, this Court can overlook the omission and review the issue if a substantial question is evident from appellant's brief). Therefore, we proceed to whether Appellant has raised a substantial question.

"The determination of whether a substantial question exists must be determined on a case-by-case basis." ***Commonwealth v. Hartman***, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation omitted).

With reference to 42 Pa.C.S. § 9781(c) and (d), and § 9721(b) of the Sentencing Code, Appellant argues that the trial court "arrived at a clearly unreasonable result" in sentencing the sixty-nine-year-old Appellant to a

minimum of seven years in prison, which "is tantamount to sentencing the Appellant to die in prison." Appellant's Brief at 10. He further claims that the sentence "does not adequately account for the Appellant's complete lack of criminal history and substantial demonstration of remorse." *Id*. Finally, he argues that the sentence is particularly inappropriate given the low likelihood of recidivism and his treatment for paraphilic disorder, which "encourages optimism in his future life and in addressing his rehabilitative needs." *Id.* at 11.

In essence, Appellant contends that the court failed to give adequate weight to mitigating factors. "This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted). However, we have also held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (citation omitted). Additionally,

> [i]n determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted). Therefore, we conclude that Appellant's claim constitutes a substantial question for our review.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citing *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa. Super. 2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007)).

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* Additionally, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283 (citation omitted).

This Court may not reweigh the factors considered by the trial court when imposing sentence. *Commonwealth v. Macias*, 968 A.2d 773, 778

(Pa. Super. 2009) (citation omitted). Where the trial court is informed by a PSI, we presume "that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Here, Appellant's sentence was in the aggravated range of the standard sentencing guidelines. Therefore, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[8] ***See Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013).

---

[8] Section 9721(b) states that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Section 9781(d) provides:

> In reviewing the record, the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

Prior to imposing Appellant's sentence, the trial court provided the following explanation:

> [Appellant] is presently age [sixty-nine] with, again, a zero prior record score. In fact, this represents his -- this incident represents his first adult arrest and his first conviction. The incident at issue here occurred when he was between the ages of -- I believe it was [sixty-three] and [sixty-nine] – [sixty-three] and [sixty-eight]. It happened over at least a four-year period. The victim is his nine to thirteen-year-old granddaughter, and certainly the facts here are very disturbing.
>
> The victim apparently came to [Appellant's] house to visit with her father. It appears that the parents were separated, and she would spend weekends or certain days visiting with her father. And her -- [Appellant] lived with the father and those visits occurred.
>
> But while she was there, you took advantage of her . . . . And you did it over a period of time. And it's serious what you did, it's disturbing what you did, and it's had a profound effect on a lot of people, mostly on your young granddaughter, [Victim], here who just read a statement to me. And I've heard from her in another letter that she wrote to me and I can see the effect that it's had on her. And it may very well last her lifetime that she's going to have to deal with this. And it's troubling.
>
> And I know it isn't listed as an aggravating circumstance, but I believe it is an aggravating circumstance, the impact on [Victim]. And in this case, I find that it's significant. You're her grandfather and you're supposed to keep your grandchild safe and secure. And instead, you're taking advantage of her sexually and it happened over a significant period of time and she was young. She was, as we heard, prepubescent at the time this started. It continued through her puberty years.

---

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

And I recognize that here today you have seemingly accepted responsibility and apologized, but you do certainly minimize your behavior at least in the pre-sentence investigation report. The statements were outlined by the district attorney. And it certainly sounds close to blaming [Victim] for the position that she was in, and that's not what happened here. You're the one that is at fault here. You were the adult and you sexually violated your granddaughter, Mr. Brennan. And she had no fault at all in any of this. And for you to blame her and to minimize your behavior is not appropriate.

I did [review] some other letters that were attached, some family and friends. [Victim's mother] attached a letter too just outlining the issues that [Victim] has been dealing with.

And, you know, these kids haven't had an easy life . . . . I've -- I'm familiar with some of [Victim's family members]. They've appeared before me. One of them is here today. They have been in court. They've had problems and issues; struggling with addiction, their mother is an alcoholic, their parents are separated, now I'm hearing [Victim] was in the foster care system. You know, it wasn't easy for them. And you know, you were somebody that could have been a positive role model and helped them, but instead you took advantage of them, at least [Victim] here.

And you know, your friend [who spoke on behalf of Appellant at sentencing] says he could never see it coming, right? Probably nobody could, but that's how this happens. You know, I can't tell you how many people come in here and tell me, I could have never imagined that he or she would have done that. They were always such a good neighbor, a good friend. You know, but this kind of stuff happens in secret, behind closed doors; and people don't know about it, except the individuals that are involved in it.

You were her grandfather. She called you Pop Pop. You were in a position of trust. That's an aggravating circumstance. The fact that you minimized and rationalized your behavior is an aggravating circumstance. The impact on the victim, the extraordinary impact on the victim, on her life is an aggravating circumstance.

So I'm going to impose the sentence in this case, after consideration of the guideline ranges, within the aggravated range. I'm not going to impose the sentence requested by the district attorney, that being a departure sentence.

N.T., 9/14/17, at 59-63.

Our review of the record in light of section 9781(d) reveals that the trial court gave due consideration to each of the relevant sentencing factors, including Appellant's age, as well as the sentencing guidelines, the contents of the PSI, and the testimony offered at sentencing. Moreover, we discern no basis to conclude that the court's decision to sentence in the aggravated range of the sentencing guidelines was "clearly unreasonable." **See** 42 Pa.C.S. § 9781(c); **Baker**, 72 A.3d at 663.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/18