J-S23039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| TYLER ALLAN OBERT | : | |
| Appellant | : | No. 1627 WDA 2018 |

Appeal from the PCRA Order Entered November 1, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000737-2013

BEFORE:   BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                **FILED JUNE 04, 2019**

Appellant, Tyler Allan Obert, appeals from the order entered November 1, 2018, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without an evidentiary hearing.  After careful review, we are constrained to affirm.

On March 7, 2014, Appellant pleaded guilty to one count each of statutory sexual assault and corruption of minors.[2]  The Commonwealth *nolle prossed* six additional counts of statutory sexual assault, one count of

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3122.1(a)(1) and 6301(a)(1)(i), respectively.

*   Retired Senior Judge assigned to the Superior Court.

unlawful contact with minor, one additional count of corruption of minors, and seven counts of indecent assault.[3]

On April 23, 2014, Appellant was sentenced to time served (272 days) to 23 months and 29 days of confinement with a concurrent four years of probation. Appellant was immediately paroled, subject to multiple conditions, including:

> During [Appellant]'s supervision on [both counts], he shall have no internet access at all through any computer[,] electronic device, smart phone or any other means, whether he owns it or otherwise. It is the [trial c]ourt's intention that he have no internet access through anybody's device and it would be a violation if he uses someone else's device to do so.

Sentence Order, 4/23/2014, at ¶ 7.[4] Hereinafter, we shall refer to this condition of Appellant's supervision as the "Internet Ban." Appellant did not file a post-sentence motion or a direct appeal.

_____

[3] 18 Pa.C.S. §§ 3122.1(a)(1), 6318(a)(1), 6301(a)(1)(ii), and 3126(a)(8), respectively.

[4] The notes of testimony from Appellant's April 2014 sentencing hearing were not transcribed. Accordingly, we do not know the underlying facts of this case, and we cannot determine what Appellant was told by his counsel, the Commonwealth, or the trial court on the record during this hearing, whether Appellant acknowledged that he understood the terms of his probation, or whether he objected to any of the conditions. Consequently, we must rely entirely upon the written sentencing order.

This omission "encumbered our consideration of this appeal." **Commonwealth v. Medina**, 2019 PA Super 119, *2 n.3 (filed April 17, 2019) (quoting **Erie Insurance Exchange v. Moore**, 175 A.3d 999, 1005-06 (Pa. Super. 2017)). "Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record

*(Footnote Continued Next Page)*

On April 20, 2017, a notice of alleged violations of probation ("NOAV") was filed by the Adult Probation, Parole, and Intermediate Punishment Department of Crawford County, claiming that Appellant "admitted to" his probation officer "that he had used the internet multiple times recently." NOAV, 4/20/2017, at 1.

On May 24, 2017, the trial court held a violation of probation ("VOP") hearing. During the hearing, Appellant's probation officer testified that he reviewed Appellant's Xfinity WiFi log-in history, from April 1 to April 18, 2017, which showed that Appellant had accessed online video games during that period. N.T., 5/24/2017, at 11, 21. The probation officer further testified that, when he and his supervisor asked Appellant about his WiFi log-in history, Appellant admitted that he had used the Internet to play video games or to order video game equipment. *Id.* at 16.

The probation officer acknowledged that he and his supervisor had given Appellant permission to upload his electronic time sheets online, where Appellant's employer provided no other means of submitting them. *Id.* at 14. However, the probation officer asserted that he made it clear to Appellant that he could only use one of his employer's secure terminals while

_(Footnote Continued)_ ——————————

materials[,]" Note to Pa.R.A.P. 1921 – *i.e.*, Appellant had the responsibility to verify that all materials necessary for appellate review were made part of the certified record, including the notes of testimony from his 2014 sentencing.

being observed by his manager at work and that Appellant could not access the Internet in any other form. *Id.* at 14-15.[5]

Also during the hearing, both the probation officer and Appellant's VOP counsel acknowledged that Appellant's mental health counselor, Martin Richards, was present in the courtroom. *Id.* at 13-14, 24, 32. VOP counsel presented a report written by Richards. *Id.* at 24. The report does not appear in the certified record nor is it listed on the exhibit sheet.[6] Nevertheless, according to the trial court, Richards's report was dated the same day as the VOP hearing, May 24, 2017, and stated that Appellant felt "frustration with the [I]nternet [B]an" and asserted that, "[w]ith no access [to the Internet,] it is very difficult to function in this day and age[.]" Memorandum and Order, 10/4/2018, at 5. The portion of Richards's report quoted by the trial court did not state nor did VOP counsel represent that Richards would testify that Appellant never used the Internet while on

---

[5] The probation officer additionally testified that, when Appellant began his parole, he had reviewed the terms and conditions of Appellant's supervision with Appellant, and Appellant had signed a form stating that he received the list of conditions. N.T., 5/24/2017, at 6-7. The form was admitted as Commonwealth's Exhibit 1.

[6] Again, "the state of the record . . . has encumbered our consideration of this appeal. . . . Omissions like these significantly impair our ability to consider an appeal." *Medina*, 2019 PA Super 119, *2 n.3 (quoting *Erie*, 175 A.3d at 1005-06).

- 4 -

probation or only used it at work while under his manager's supervision. *See id.*; *see generally* N.T., 5/24/2017.[7]

At the conclusion of the VOP hearing, the trial court found Appellant violated the terms of his probation due to his Internet usage – specifically, his use of the Internet to play video games online. Order, 5/24/2017, at 1.[8] Appellant was re-sentenced to five years of probation, and all prior conditions of his probation, including the Internet Ban, were re-imposed. N.T., 5/24/2017, at 35; Order, 5/24/2017, at 1. Appellant did not challenge the reinstatement of the Internet Ban as a condition of his VOP sentence before the end of his VOP hearing, and he did not file post-sentence motions or a direct appeal.

On May 11, 2018, Appellant filed his first, *pro se* PCRA petition, arguing that his probation officer told him that he could use the Internet with supervision and that the Internet Ban is a violation of his constitutional right to freedom of speech. PCRA Petition, 5/11/2018, at 3. He requested an evidentiary hearing and stated that he would call Richards to testify that "[h]e talked to my PO to make sure he said it was OK to use the internet."

_____

[7] In fact, during closing arguments, VOP counsel admitted that Appellant had used "internet access only recently for games." N.T., 5/24/2017, at 32.

[8] The order was dictated by the trial court at the end of the VOP hearing. *Id.* at 34-35.

*Id.* at 6. Additionally, the petition pleaded that Appellant had asked VOP counsel to file a direct appeal, which counsel did not do. *Id.* at 3.

On May 18, 2018, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition within 45 of days of the date of the order. On July 17, 2018, the PCRA court scheduled "a PCRA argument" – not an evidentiary hearing -- for September 24, 2018.

After being granted an extension of time, on August 29, 2018, PCRA counsel filed an amended PCRA petition, which pleaded, in pertinent part:

> 12. An evidentiary hearing is necessary to elicit sworn testimony from [VOP counsel] regarding his decision to not call Martin Richards as a witness during the aforementioned proceeding. . . .
>
> 14. Richards would testify that he spoke directly to [Appellant's probation officer], and [the probation officer] confirmed that [Appellant] was permitted to use the internet under supervision. . . .
>
> 16. [Appellant]'s position is that he is eligible for relief under the [PCRA] because his PCRA Petition was filed timely as required by 42 Pa.C.S.A. § 9545(b)(1)(ii), and the decision of *Com*[*monwealth*] *v. Cappello*, 823 A.2d 936 (Pa.Super. 2003), and he suffered from the ineffectiveness of counsel by [VOP counsel], in that:
>
> > a. [VOP counsel] refused to call a witness[, Richards,] who was present and willing to testify.
> >
> > > i. Said witness's testimony would contradict and diminish the credibility of the Commonwealth's witness.
> > >
> > > ii. Said witness's testimony would also bolster the [Appellant]'s position with respect to the alleged violations.
> >
> > b. [VOP counsel] was ineffective in refusing to file an appeal on behalf of [Appellant]. The substance of which is

> memorialized within a letter written by [VOP counsel] to [Appellant], which letter is attached hereto, marked Exhibit "A" and incorporated herein as though fully set forth at length.
>
> 17. If [Appellant] is granted a new hearing and/or his appellate rights, [Appellant] will also be raising issues with respect to the constitutionality of the condition of [Appellant]'s probation that he refrain from using the internet, generally. ***See Packingham v. North Carolina***, 137 S. Ct. 1730 (2017); ***see also Mutter v. Ross***, 811 S.E. 2d 866 (W. Va. 2018); ***but see* Com**[***monwealth***] ***v. Hartman***, 908 A.2d 316, 321 (Pa.Super. 2006).

Amended PCRA Petition, 8/29/2018, at ¶¶ 12, 14, 16-17.

PCRA counsel attached to the amended PCRA petition the above-referenced letter from VOP counsel to Appellant discussing his reasons for not filing an appeal. ***Id.***, Ex. "A". The letter makes no reference to the Internet Ban being a violation of Appellant's constitutional rights or otherwise improper, including no suggestion that such a claim could have been raised on direct appeal. ***See generally id.***

Additionally, Appellant's amended PCRA petition did not assert that, if called to testify, Richards would aver that Appellant never used the Internet or did not use the Internet at the times alleged by his probation officer. ***See generally*** Amended PCRA Petition, 8/29/2018.

On September 24, 2018, the PCRA court held a hearing, during which the parties presented argument but no evidence.[9] On October 4, 2018, the PCRA court entered a notice of intent to dismiss all claims without an evidentiary hearing pursuant to Pa.R.Crim.P. 907 and an accompanying memorandum explaining its reasoning. Memorandum and Order, 10/4/2018 [hereinafter "Rule 907 Notice"]. On November 1, 2018, the PCRA court dismissed Appellant's petition. On November 13, 2018, Appellant filed this timely appeal.[10]

Appellant presents the following issue for our review:

> Whether the [t]rial [c]ourt erred in denying [Appellant]'s . . . Amended Petition for Post-Conviction Relief . . . without the benefit of an evidentiary hearing?

Appellant's Brief at 4.[11]

_____

[9] During argument, Appellant withdrew any "request to have his direct appeal rights reinstated." N.T., 9/24/2018, at 7.

[10] Appellant filed his statement of errors complained of on appeal on December 6, 2018. On December 11, 2018, the PCRA court entered an order that its Rule 907 Notice would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

[11] Despite only listing one issue in his statement of questions involved pursuant to Pa.R.A.P. 2116, Appellant divides the "Argument" section of his brief to this Court into four subsections, each with a separate heading, hence violating Pa.R.A.P. 2119(a), which mandates that "argument shall be divided into as many parts as there are questions to be argued."

> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by

*(Footnote Continued Next Page)*

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Medina**, 2019 PA Super 119, *8 (filed April 17, 2019) (quoting **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018)).

Appellant now contends that the PCRA court erred in dismissing his amended PCRA petition without an evidentiary hearing, because his VOP counsel[12] was ineffective for failing: (1) to call Richards as a witness; and (2) to "argue that the general [I]nternet [B]an" was improper. Appellant's Brief at 14-16, 19-21.

---

*(Footnote Continued)* ————————————

our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

**Commonwealth v. Briggs**, 12 A.3d 291, 343 (Pa. 2011).

[12] We assume that all references to "counsel" throughout Appellant's brief refer to VOP counsel, although the brief never clarifies whether it is referring to VOP counsel or to Appellant's original guilty plea counsel. In the context of whether "counsel" should have called Richards as a witness, the only counsel for which such a claim makes sense is VOP counsel. Ergo, we read all references to "counsel" in Appellant's brief to mean VOP counsel.

**Ineffective Assistance for Failure to Call Richards as a Witness**

Appellant first urges this Court to conclude that his VOP counsel was ineffective for failing to call Richards as a witness.[13]

> In establishing whether defense counsel was ineffective for failing to call witnesses, [A]ppellant must [still] prove (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.[14]

*Medina*, 2019 PA Super 119, *11 (quoting *Commonwealth v. Treiber*, 121 A.3d 435, 463–64 (Pa. 2015) (citations omitted)).

At the VOP hearing, both Appellant's probation officer and VOP counsel acknowledged that Richards was present in the courtroom. N.T., 5/24/2017, at 14, 24, 32. Consequently, Richards existed and was available to testify, and VOP counsel knew of Richards's existence. *See Medina*, 2019 PA Super 119, *11.

Nevertheless, Appellant did not assert that Richards was willing to testify "for the defense[.]" *Id.* To the extent that the amended PCRA petition was implying that Richards's testimony would be "for the defense[,]"

---

[13] Appellant preserved this issue in his amended PCRA petition. Amended PCRA Petition, 8/29/2018, at ¶ 16.

[14] The PCRA court only analyzed this issue pursuant to the prejudice prong. Rule 907 Notice, 10/4/2018, at 5. Yet, "this Court may affirm a PCRA court's decision on any grounds if the record supports it." *Medina*, 2019 PA Super 119, *11 n.8 (citation and internal brackets omitted).

Appellant still had to "prove" this prong. ***Id.*** The amended PCRA petition did not include an affidavit or any sworn statement from Richards that he would testify for the defense – Appellant only baldly pleaded it in the amended petition. Appellant likewise did not provide any evidence to "prove" that Richards "was willing to testify for the defense[.]" ***Id.*** Nonetheless, we will accept the assessment of the trial court: "While it is not clear that the witness was willing to testify for the defense, since he issued a report and was present we believe we can conclude that he was." Rule 907 Notice at 5.

Assuming we accept that Appellant has fulfilled the first four prongs of the test to determine if defense counsel was ineffective for failing to call a witness, Appellant still failed to satisfy the final prong, prejudice. ***Medina***, 2019 PA Super 119, *11. Richards's report contradicts Appellant's averment that Richard would have testified that he heard Appellant's probation officer tell Appellant that Appellant was allowed to use the Internet, because the report explicitly refers to the "internet ban" and states that Appellant had "no access[.]"

More importantly, Appellant never argues that, if called as a witness, Richards would have testified that Appellant never used the Internet following his release from incarceration, that Appellant did not use the Internet at the times alleged, or that Richards saw someone else using Appellant's gaming or other electronic devices. ***See generally*** Amended

PCRA Petition, 8/29/2018; Appellant's Brief. The sentencing order was unambiguous that Appellant was not permitted to use the Internet for any reason and that doing so was a violation of his probation:

> During [Appellant]'s supervision on [both counts], he shall have **no internet access at all** through any computer[,] electronic device, smart phone or any other means, whether he owns it or otherwise. It is the [trial c]ourt's intention that he have **no internet access** through anybody's device and it would be a **violation** if he uses someone else's device to do so.

Sentence Order, 4/23/2014, at ¶ 8 (emphasis added). None of the testimony that Appellant alleges that Richards would have given establishes that Appellant did not access the Internet and, ergo, did not violate this term of his probation. Hence, the absence of Richards's testimony was not so prejudicial as to deny Appellant a fair hearing. *See Medina*, 2019 PA Super 119, *11. As in *Medina*, Appellant has thereby "failed to fulfill one of the prongs of the test to establish that defense counsel was ineffective for failing to call a witness, and his entire ineffectiveness claim based on . . . counsel's failure to call [a] witness[] collapses." *Id.* at *12.

As Appellant is not entitled to PCRA relief on his first challenge, he is likewise not entitled to an evidentiary hearing on that claim. *Id.* at *14-*15 (citing *Commonwealth v. Postie*, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) ("A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings.")).

**Internet Ban**

Preliminarily, we observe that Appellant's amended PCRA petition, concise statement, and brief to this Court are all inartfully worded. We therefore have difficulty discerning the exact nature of Appellant's second claim. Frankly, we can read four different potential challenges into Appellant's pleadings: (1) a challenge to the Internet Ban as a condition of his 2014 sentence; (2) a challenge to the Internet Ban as a condition of his 2017 sentence; (3) a claim that his VOP counsel was ineffective for failing to challenge the Internet Ban as a condition of his 2014 sentence; and (4) a claim that his VOP counsel was ineffective for failing to challenge the Internet Ban as a condition of his 2017 sentence. We will address each of these challenges in turn.

*Challenge to the Internet Ban as a Condition of the 2014 Sentence*

In its brief to this Court, the Commonwealth assumes that Appellant is challenging the Internet Ban as a condition of his 2014 sentence. Commonwealth's Brief at 7-8. The Commonwealth therefore asserts that this issue is untimely. ***Id.***

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations

for filing the petition set forth in section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b)(1).[15]

As noted above, Appellant did not challenge the validity of the Internet Ban as a condition of his 2014 probationary sentence through a post-sentence motion or on direct appeal.[16] Accordingly, Appellant's 2014 judgment of sentence became final 30 days after his sentencing -- May 23, 2014. Pa.R.A.P. 903(a). Appellant had one year thereafter to file a PCRA petition – *i.e.*, until May 26, 2015.[17] 42 Pa.C.S. § 9545(b)(1). Appellant

_____

[15] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[16] Additionally, Appellant did not file a PCRA petition from his 2014 sentence prior to his 2017 VOP sentencing.

[17] One year after May 23, 2014, was Saturday, May 23, 2015; the following Monday, May 25, 2015, was Memorial Day, a legal holiday. ***See*** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this
*(Footnote Continued Next Page)*

- 14 -

filed the current petition on May 11, 2018, more than two years late. Therefore, to the extent that Appellant's petition challenges the conditions of his 2014 sentence, it was patently untimely, and Appellant's amended PCRA petition does not plead a timeliness exception to the requirements of the PCRA.

Assuming the amended PCRA petition's challenge to the appropriateness of the conditions of his 2014 sentence were timely, this issue would be waived, because Appellant could have challenged it as part of a direct appeal following his 2014 sentencing, but he failed to do so. **See** 42 Pa.C.S. § 9544(b) ("for purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Thus, the Commonwealth is correct that the PCRA court was without jurisdiction to review the merits of any challenge to the conditions of the 2014 sentence. Assuming *arguendo* that this issue were timely pleaded in a PCRA petition, it is waived and merits no relief.

### Challenge to the Internet Ban as a Condition of the 2017 Sentence

The VOP court reinstated the Internet Ban when it sentenced Appellant in 2017. N.T., 5/24/2017, at 35; Order, 5/24/2017, at 1. Consequently, to

_(Footnote Continued)_ ───────────────

Commonwealth or of the United States, such day shall be omitted from the computation."). Consequently, the next business day was Tuesday, May 26, 2015.

the extent that the amended PCRA petition challenges the propriety of the reinstatement of the Internet Ban as a condition of the 2017 sentence, we must consider whether this PCRA claim was timely.

If Appellant is challenging the Internet Ban as a condition of the 2017 sentence, then, as with any case "where a new sentence is imposed at an intermediate punishment revocation hearing," the VOP hearing date "must be employed when assessing finality . . . to any issues . . . appealable from that hearing." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) (citations and internal brackets omitted).

> [A] probation revocation and resentencing "reset the clock" for purposes of determining the timeliness of a PCRA petition.
>
> That is, where the issues presented in the PCRA petition relate to the validity of the probation revocation hearing or the legality of the new sentence, then the timeliness of the PCRA petition is calculated using the date when the probation revocation sentence was imposed.

***Commonwealth v. Garcia***, 23 A.3d 1059, 1062 n.3 (Pa. Super. 2011) (citations omitted); ***see also Fowler***, 930 A.2d at 592.

Appellant's 2017 judgment of sentence became final 30 days after his sentencing – June 23, 2017. Pa.R.A.P. 903(a). Appellant had one year thereafter to file a PCRA petition – *i.e.*, until June 25, 2018. 42 Pa.C.S. § 9545(b)(1).[18] Appellant's *pro se* PCRA petition was filed on May 11, 2018.

---

[18] June 23, 2018, was a Saturday; the next business day thereafter was Monday, June 25, 2018. ***See id.***

- 16 -

Thus, assuming Appellant is challenging the Internet Ban as a condition of his 2017 sentence, his PCRA petition was timely filed.

Nevertheless, Appellant could have challenged it as part of a direct appeal following his 2017 sentencing, but he failed to do so. Thus, this issue is waived. *See* 42 Pa.C.S. § 9544(b) ("for purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

*Claim that VOP Counsel was Ineffective for Failing to Challenge the Internet Ban as a Condition of the 2014 Sentence*

Any challenge to the effectiveness of VOP counsel inherently arises from the VOP hearing and thus is timely. As "claims of ineffective assistance of counsel generally should be deferred until collateral review[,]" *Commonwealth v. Rivera*, 199 A.3d 365, 372 n.3 (Pa. 2018), Appellant did not have an opportunity to raise an ineffectiveness claim against VOP counsel prior to this first PCRA petition following his 2017 VOP sentence. Thus, this issue is not waived pursuant to 42 Pa.C.S. § 9544(b).

We must then consider whether this issue was included in Appellant's PCRA petition. In his amended PCRA petition, Appellant alleged: "**If [Appellant] is granted a new hearing and/or his appellate rights**, [Appellant] **will** also **be** raising issues with respect to the constitutionality of the condition of [Appellant]'s probation that he refrain from using the internet, generally." Amended PCRA Petition, 8/29/2018, at ¶ 17 (emphasis

- 17 -

added) (citations omitted). The amended PCRA petition does not allege that VOP counsel was ineffective for failing to argue against or to object to the Internet Ban as a condition of the 2014 sentence – only that Appellant would challenge the Internet Ban if he were given another VOP hearing or if his appellate rights were reinstated.[19] Accordingly, this claim is waived, because Appellant failed to include it in his PCRA petition:

> Regardless of the reasons for [an a]ppellant's belated raising of [an] issue, it is indisputably waived. We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA. The proper vehicle for raising this claim is thus not the instant appeal, but rather is a subsequent PCRA petition.

*Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (internal brackets, citations, and quotation marks omitted); *accord Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014).

<u>*Claim that VOP Counsel was Ineffective for Failing to Challenge the Internet Ban as a Condition of the 2017 Sentence*</u>

Any claim that VOP counsel was ineffective for failing to challenge the Internet Ban as a condition of the 2017 sentence is waived for the same reasons that the ineffectiveness claim for failing to challenge this condition of the 2014 ban was found to be waived, above.

---

[19] Appellant later withdrew his request to have his appellate rights reinstated *nunc pro tunc*. N.T., 9/24/2018, at 7.

* * *

At the beginning of this decision, we stated that we were "constrained to affirm." We are deeply troubled by the result of this case, because we agree with Appellant that the trial court and the VOP court should not have ordered an Internet Ban as a probationary condition without additional findings of fact.

In considering the validity of the Internet Ban, the trial court relies solely upon **Commonwealth v. Hartman**, 908 A.2d 316 (Pa. Super. 2006), stating: "In that case the Court held that a condition of supervision forbidding a defendant to access the internet was appropriate. Therefore, we do not find there is merit to that issue." Rule 907 Notice at 4. The appellant in **Hartman** was convicted of possession of child pornography that was discovered on his computer. 908 A.2d at 318.

However, the trial court wholly disregards this Court's more recent decision, **Commonwealth v. Houtz**, 982 A.2d 537 (Pa. Super. 2009). In that case, as in the current action, "the trial court placed upon [the a]ppellant's probation a condition that [the appellant] not possess or have access to a computer, or otherwise access the Internet, which [the a]ppellant claim[ed] is unduly restrictive[.]" **Id.** at 540. In that appeal, we agreed with the appellant that "the trial court's computer/Internet restriction as a condition of Appellant's probation" was "not tailored to the offense committed . . . when there is no nexus between the offense charged and

access to a computer/Internet[,]" where the appellant had been convicted of corruption of a minor and indecent assault. *Id.* at 537, 541. This Court continued:

> The trial court's reliance upon ***Commonwealth v. Hartman***, 908 A.2d 316 (Pa.Super.2006), to buttress its prohibition of Appellant's use of a computer/Internet misses the mark because Hartman's crime involved having child pornography on the hard drive of his computer. Herein, there is no evidence that Appellant's sexual offense involving a minor child was facilitated by or incorporated the use of a computer/Internet. . . .
>
> Moreover, this Court's attention . . . centers upon the absence of any facts recited by the Commonwealth or the trial court which would allow this Court to conclude that such a restriction is reasonably related to Appellant's rehabilitation. ***See*** 42 Pa.C.S.A. § 9754. Stated otherwise, there is no evidence that Appellant used the computer/Internet for sexually explicit material involving minors or that she used the computer/Internet as a source to establish and cultivate inappropriate relationships.
>
> For all of the reasons set forth above, we hold that the trial court's denial of Appellant's petition to strike the condition of probation prohibiting her use of a computer and/or access to the Internet is unreasonable and inappropriate. ***Contrast Hartman***, 908 A.2d at 321 ("[A] defendant who uses his computer and other Internet capable equipment to access pornographic photographs of young girls [may] be prohibited from using a computer or other Internet capable equipment while on probation."). Accordingly, we reverse the judgment of sentence and remand to remedy the probation portion of Appellant's sentence.

*Id.* at 540-41.[20]

---

[20] Although ***Houtz*** is almost a decade old, its conclusion that an Internet ban for offenders serving probation or parole is only appropriate where the underlying crime involved use of the Internet aligns with current jurisprudence across the majority of jurisdictions. ***See, e.g.***, ***United States***

*(Footnote Continued Next Page)*

***v. Eaglin***, 913 F.3d 88 (2nd Cir. 2019) (rejected internet bans for defendants on parole/probation where the underlying crime did not involve use of the Internet); ***United States v. Halverson***, 897 F.3d 645 (5th Cir. 2018) (Internet restrictions during parole or probation only permitted when the underlying crime involved use of the Internet and probation/parole officer could approve an exception allowing Internet access, provided such approval is in advance and in writing); ***United States v. Rock***, 863 F.3d 827 (D.C. Cir. 2017) (internet restrictions during parole or probation only permitted when the underlying crime involved use of the Internet); ***K.G. v. New Jersey State Parole Board***, 202 A.3d 636, 657 (N.J. Super. App. Div. 2019) (striking down parole board – not court -- creating Internet ban as condition of parole, where appellant did not use the Internet to commit offense; even though Board granted appellant numerous exceptions, they could not cure the overbroad condition); ***see also United States v. Holena***, 906 F.3d 288, 290-91, 293 (3rd Cir. 2018) ("To protect the public, a sentencing judge may restrict a convicted defendant's use of computers and the internet. But to respect the defendant's constitutional liberties, the judge must tailor those restrictions to the danger posed by the defendant. A complete ban on computer and internet use" as a "condition[] of supervised release" "will rarely be sufficiently tailored[,]" even when the underlying crime involved use of the Internet, such as when appellant "used the internet to solicit sex from a minor"; nevertheless, "It is almost certainly appropriate to prevent [the appellant] from using social media, chat rooms, peer-to-peer file-sharing services, and any site where he could interact with a child."); ***Jennings v. Commonwealth***, ___ S.W.3d ___, No. 2018-CA-000061-MR, 2019 WL 1575570, at \*5 (Ky. Ct. App. filed April 12, 2019) (probation condition of "[n]o access to internet" failed as impermissibly vague and not narrowly tailored, but the court "decline[d] to establish a bright-line rule," noting that "this holding should not be construed to mean that an internet ban for a defendant on probation would *never* be 'reasonably necessary'" (emphasis in original)).

Some courts that have considered this issue recently and do not harmonize with **Houtz** actually find that **any** Internet ban is overly restrictive, not that such a condition is always lawful. ***See, e.g.***, ***Mutter v. Ross***, 811 S.E.2d 866, 870, 872 (W. Va. 2018) (parole condition imposing complete ban on parolee's use of the Internet impermissibly restricted lawful speech in violation of the First Amendment).

The only exceptions that we could find amongst recent cases was unpublished, ***United States v. Washington***, No. 18-11021, 2019 WL

*(Footnote Continued Next Page)*

In the current appeal, there is no evidence in the certified record that Appellant's crimes involved his use of the Internet -- neither the crimes to which he pleaded guilty nor the charges that were *nolle prossed*, unlike in **Hartman**, where the appellant was convicted of possession of child pornography located on his computer. 908 A.2d at 318. In the current action, the trial court made no findings of fact as to whether any nexus existed between Appellant's crimes and his access to the Internet or whether such a restriction is reasonably related to Appellant's rehabilitation. **See Houtz**, 982 A.2d at 540-41. If such a nexus and relationship exist, then the Internet Ban as a condition of Appellant's probation was proper, and the finding of a violation of probation was proper. However, if no nexus or reasonable relationship existed, then the Internet Ban as a condition of probation was always improper, and the sentence imposed for violation of

*(Footnote Continued)* ————————————

1110834, at *2 (11th Cir. March 11, 2019) (per curiam) (unpublished) (upholding constitutionality of ban on owning or possessing computer with modem as condition of supervised release), or relied upon a state statute specifically banning sex offenders from Internet access and was currently on appeal to the state supreme court, **People v. Morger**, 103 N.E.3d 602 (Ill. App. Ct.) (upheld social media ban even when the underlying offense did not involve use of the internet), *appeal allowed*, 108 N.E.3d 817 (Ill. 2018).

Nevertheless, we find Appellant's reliance on **Packingham v. North Carolina**, 137 S.Ct. 1730 (2017), to be misplaced, because **Packingham** concerned Internet access for defendants who had completed serving their sentences and were no longer subject to supervision, not when such prohibition on Internet access was a condition of parole or probation. **See** Appellant's Brief at 16, 21-22.

that improper condition would likewise be improper and should be vacated.

*See Commonwealth v. Milhomme*, 35 A.3d 1219, 1222 (Pa. Super. 2011).

Accordingly, an ineffective assistance of counsel claim against VOP counsel may have succeeded had it been included in the actual amended PCRA petition, or, at least, we would have required remand for an evidentiary hearing to determine whether VOP counsel had an objectively reasonable basis for not having objected to the validity of the Internet Ban. As this Court has explained:

> [C]ounsel is presumed to be effective.
>
> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Medina*, 2019 PA Super 119, *15 (internal brackets, citations, and quotation marks omitted). For the reasons given above, an objection to the Internet Ban would have arguable merit. *Id.* Additionally, there is a reasonable probability that the outcome of Appellant's VOP hearing would have been different had VOP counsel raised this claim. *Id.*

Finally, we see no objectively reasonable basis for VOP counsel's failure to raise this issue. *Id.* Also, VOP counsel's letter to Appellant articulating his reasons for not pursuing an appeal does not analyze the

issue of whether the Internet Ban was appropriate in the first place. Nonetheless, we would have given VOP counsel the opportunity to explain whether he had a reasonable basis for failing to raise this challenge that this Court could not determine from the existing record. Ergo, we would have vacated the PCRA order and remanded for an evidentiary hearing so that Appellant could call VOP counsel as a witness to allow him to explain his basis for not pursuing this claim, had the ineffectiveness claim been properly preserved in the amended PCRA petition.

Furthermore, we have considered whether any challenge to the Internet Ban is a challenge to the legality of Appellant's sentence and consequently cannot be waived. *See Commonwealth v. Vargas*, 108 A.3d 858, 876–77 n.13 (Pa. Super. 2014) (*en banc*) ("[l]egality of sentence questions are not waivable and may be raised *sua sponte* by this Court"); *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (same). However, this Court has held that a challenge to "a condition of probation that prohibits . . . access to the internet . . . is a challenge to the discretionary aspects of Appellant's sentence—not to the legality." *Commonwealth v. Yockey*, 158 A.3d 1246, 1259 (Pa. Super. 2017) (internal brackets and quotation marks omitted) (citing *Hartman*, 908 A.2d at 319 (appellant's challenge to condition of probation that prohibited him from using computer or accessing Internet was a challenge to the discretionary aspects of his sentence); *Houtz*, 982 A.2d at 539–40 (claim

- 24 -

that trial court erred in prohibiting use of computer and access to Internet during prohibition was a "challenge [to] the discretionary aspects of sentencing, not the legality of the sentence imposed")) (direct appeal from judgment of sentence challenging probationary condition not preserved where not raised at sentencing or in a post-sentence motion).[21]  Unlike challenges to the legality of a sentence, challenges to the discretionary aspects of sentencing cannot be raised *sua sponte* by this Court and are not cognizable under the PCRA.  **See Commonwealth v. Sarvey**, 199 A.3d 436, 447–48 (Pa. Super. 2018) ("Unlike the discretionary aspects of sentencing, a challenge to the legality of sentence is not subject to waiver and may be raised at any time."); **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings.").

\* \* \*

We recognize that Appellant may find it fundamentally unfair that he was resentenced for violating a condition that may not have been warranted

---

[21] Nevertheless, the Supreme Court of Pennsylvania has found other challenges to probationary conditions to be challenges to the legality of the sentence.  **See, e.g.**, **Commonwealth v. Wilson**, 67 A.3d 736, 737, 739, 741 (Pa. 2013) (claim that the trial court did not have statutory authority to impose a particular condition of probation is a challenge to the legality of a sentence; the appellant also challenged the probationary condition on constitutional grounds, but the Supreme Court did not reach that issue).

in the first place. However, we cannot overcome the numerous procedural hurdles in order to reverse.

For the reasons given above, we are compelled to conclude that Appellant's issues raised on appeal are meritless or waived. Having discerned no error of law, we are constrained to affirm the order below.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/2019