J-S08042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZACHARY DONOVAN DAVIS :
:
Appellant : No. 1215 MDA 2021

Appeal from the Judgment of Sentence Entered August 30, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001186-2020

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: APRIL 12, 2022**

Zachary Donovan Davis (Appellant) appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following the revocation of his probation imposed pursuant to a 2020 guilty plea to one count each of possession of child pornography (child pornography) and criminal use of a communication facility (CUCF).[1] Appellant contends: (1) the court erred in imposing a strict no internet condition that was not narrowly tailored to Appellant's individual circumstances; and (2) the court erred in finding that Appellant violated the condition of no contact with children when he attended a baseball game and played miniature golf with another individual

_____

[1] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

and had no physical contact with any children. Based on the following, we affirm.

Due to the nature of Appellants' claims, a detailed description of the underlying factual history is unwarranted. Briefly, Appellant was charged with 62 counts of child pornography and one count of CUCF. *See* N.T., 12/3/20, at 7-8. On September 10, 2020, as part of the plea agreement, Appellant pled guilty to 10 counts of child pornography and the one count of CUCF. *See id.* at 8. The Commonwealth and Appellant also agreed that the counts would run concurrently with one another. *See id.* On December 3, 2020, the court sentenced Appellant to a term of 11 and a half to 23 months' incarceration in county prison for one of the child pornography counts, and a consecutive term of five years of county supervision for the CUCF conviction. *See id.* at 9.[2] The court also ordered that sex offender conditions be imposed, and that Appellant was to have no contact with children under the age of 18. *See id.*

On May 3, 2021, the court granted the release of Appellant from imprisonment, but under the supervision of Dauphin County Office of Probation and Parole for the remainder of his sentence. *See* Order, 5/3/21.

While on parole, Appellant purportedly violated several conditions of his supervision. The county's probation department filed a notice as to Appellant's alleged violations and requested a hearing.

_____

[2] The court imposed no further penalty as to the remaining offenses. *See* N.T., 12/3/20, at 9.

A probation revocation hearing took place on June 30, 2021. At the proceeding, it was established that Appellant committed the following violations: (1) Appellant violated his supervision conditions when he played miniature golf at an establishment called City Island and attended a baseball game after his probation officer specifically told him not to do so; (2) Appellant began dating a woman through a dating application, who had custody of a minor child and Appellant did not inform this woman of his sexual offender status; and (3) Appellant viewed pornography on his cellular phone. *See* Trial Ct. Op. at 2. The court then sentenced Appellant to a term of seven months and 17 days for the child pornography offense, and a consecutive term of two and a half to five years in state prison for CUCF conviction.[3] *See* Sentencing Order, 7/6/21. The court also ordered that Appellant "will have absolutely no contact with children under 18, nor go on the [i]nternet or any social media or any dating or hookup site or any Asian or Japanese animated sites." *Id.*

On July 9, 2021, Appellant filed a post-sentence motion for reconsideration, alleging the court imposed an unduly harsh sentence without considering Appellant's history and characteristics, and that the additional

---

[3] Because the original sentences were imposed concurrently, the trial court had the authority to revoke both Appellant's probation and parole under ***Commonwealth v. Simmons***, 262 A.3d 512 (Pa. Super. 2021) (holding that a court may not revoke probation when a defendant commits a new crime after sentencing but before a probationary period has begun, and therefore, a sentence imposed following an anticipatory probation revocation is an illegal sentence).

conditions imposed were impermissible and illegal. ***See*** Post Sentence Motion for Reconsideration of Revocation Sentence, 7/9/21, at 2. The court granted the motion for reconsideration on July 28, 2021. ***See*** Order of Court, 7/28/21.

On August 30, 2021, the trial court held a resentencing hearing. At the conclusion of the proceeding, the court resentenced Appellant to a term of five months and 17 days as to the child pornography offense and five years' probation regarding the CUCF conviction. ***See*** Reconsideration of Sentence Order, 8/30/21. The court imposed the same conditions as in its July 2021 sentencing order. ***See id.***

In September 2021, Appellant filed a second post-sentence motion for reconsideration, arguing that the additional conditions imposed by the court concerning the internet were harsh and too broad. ***See*** Post-Sentence Motion, 9/9/21, at 2. Appellant requested that the "no internet" condition be modified so that he may use the internet for banking, employment, housing, communication with family and friends, and entertainment purposes. ***See id.*** Appellant also alleged the court violated ***Commonwealth v. Koger***, 255 A.3d 1285 (Pa. Super. 2021), by not advising him of the probation conditions at the time of his original sentencing.

On September 14, 2021, the court modified Appellant's sentence, in part, to "allow limited internet use for obtaining and maintaining employment." Order of Court, 9/14/21. This timely appeal followed.[4]

Appellant raises the following claims for our review:

1. Whether the trial court erred in imposing a strict no internet condition that was not narrowly tailored to [Appellant]'s individual circumstances?

2. Whether the trial court erred in finding that [Appellant] violated the condition of no contact with children when he attended a baseball game and played mini golf with an adult friend, and had no physical contact with any children while there?

Appellant's Brief at 4.

"[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted).

Appellant's first argument concerns the discretionary aspects of his sentence. Before this Court can address a discretionary challenge in sentencing, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see*

---

[4] Appellant timely complied with the court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued a Pa.R.A.P. 1925(a) opinion on November 15, 2021.

> Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (citation omitted).

Here, Appellant filed a notice of appeal and preserved the issue in his second post-sentence motion for reconsideration. In addition, Appellant's brief includes the required Rule 2119(f) concise statement of reasons relied upon for appeal, in which he asserts that the imposition of a "no internet" restriction as a condition of his probation violates 42 Pa.C.S. §§ 9754 and 9763(b)(15) because it was not reasonably related to his rehabilitation in addition to being unduly harsh and restrictive.[5] **See** Appellant's Brief at 9. Appellant also raises a substantial question that his sentence is purportedly not appropriate under the Sentencing Code. **See Commonwealth v. Fullin**, 892 A.2d 843, 853 (Pa. Super. 2006) (finding that an appellant who challenges a condition of his probation imposed under 42 Pa.C.S. § 9754 raises a substantial question). We now turn to the merits of Appellant's discretionary aspects of sentencing challenge.

---

[5] It merits mention that Appellant is not challenging the court's determination to incarcerate him or the length of his sentence.

Appellant first contends the court erred by imposing a strict "no internet" condition because it is not narrowly tailored to his individual circumstances. *See* Appellant's Brief at 10. Appellant acknowledges that he is permitted to use the internet for employment-seeking purposes but notes that the internet is necessary for daily life activities, like making doctor's appointments or streaming television, and therefore, the condition hampers his "ability to live a normal, law-abiding life." *Id.* at 11. Appellant also concedes that his crimes require his internet access be monitored but states "this could be completed with software that monitors what he does on a computer or allowing his probation office to inspect his computer and internet history." *Id.* at 12. Lastly, relying on *United States v. Voelker*, 489 F.3d 139 (3d Cir. 2007), Appellant avers that the condition at issue "must be narrowly tailored so as to only restrict those website[s] which could tempt [him] into further unlawful conduct, such as pornography websites." *Id.* at 12-13.

We are guided by the following. Section 9754(b) "allows for reasonable conditions to be attached to probation orders." *Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa. Super. 1994). The court may attach certain conditions upon a defendant as it deems necessary, including, *inter alia*, "[t]o do other things reasonably related to rehabilitation." 42 Pa.C.S. § 9763(b)(15). Our well-settled standard of review concerning a challenge to the discretionary aspects of a sentence following the revocation of a probation is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> This Court has stated the following regarding a condition of probation[:]

> > A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life. Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them.

*Commonwealth v. Starr*, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citations omitted). Additionally, "a person placed on probation does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who [have] not run afoul of the law. A probation order with conditions placed on it will to some extent always restrict a person's freedom." *Koren*, 646 A.2d at 1209 (citations and quotation marks omitted).

Here, in considering the validity of the "no internet" condition, the trial court analyzed two decisions by this Court – *Commonwealth v. Hartman*, 908 A.2d 316 (Pa. Super. 2006) and *Commonwealth v. Houtz*, 982 A.2d 537 (Pa. Super. 2009). *See also* Trial Ct. Op. at 3-4.

In **Hartman**, the trial court imposed several conditions to the defendant's probation. **Hartman**, 908 A.2d at 318. Notably, the trial court ordered that the defendant "shall not possess a computer in his home or use any public computer for a fee or free and shall not own a cell phone with Internet capabilities or a [personal digital assistant] with the same and he shall not access the [i]nternet." **Id.** (quotation marks omitted). On appeal, the defendant claimed the court abused its discretion by imposing such a condition because it was "not reasonably related to [the defendant]'s rehabilitation, [was] incompatible with [his] freedom of conscience, and [was] unduly restrictive." **Id.** at 319. A panel of this Court affirmed the judgment of sentence, concluding "that prohibiting [the defendant] from having access to the [i]nternet for a period of time is rationally related to the trial court's rehabilitative goals [and the defendant had] no inherent right to [i]nternet access." **Id.** at 321.

In **Houtz**, "the trial court placed upon [the defendant's] probation a condition that [the defendant] not possess or have access to a computer, or otherwise access the [i]nternet, which [the defendant] claim[ed was] unduly restrictive[.]" **Id.** at 540. A panel of this Court agreed with the defendant that "the trial court's computer/[i]nternet restriction as a condition of [the defendant]'s probation" was "not tailored to the offense committed . . . when there is no nexus between the offense charged and access to a computer/[i]nternet[,]" where the defendant had been convicted of corruption

of a minor and indecent assault. *Id.* at 537, 540. In distinguishing **Hartman**, the panel further stated:

> The trial court's reliance upon [**Hartman**], to buttress its prohibition of [the defendant]'s use of a computer/[i]nternet misses the mark because [in **Hartman**, the] crime involved having child pornography on the hard drive of his computer. Herein, there is no evidence that [the defendant]'s sexual offense involving a minor child was facilitated by or incorporated the use of a computer/[i]nternet.
>
> * * *
>
> Moreover, this Court's attention . . . centers upon the absence of any facts recited by the Commonwealth or the trial court which would allow this Court to conclude that such a restriction is reasonably related to [the defendant]'s rehabilitation. *See* 42 Pa.C.S.A. § 9754. Stated otherwise, there is no evidence that [the defendant] used the computer/[i]nternet for sexually explicit material involving minors or that she used the computer/[i]nternet as a source to establish and cultivate inappropriate relationships.
>
> For all of the reasons set forth above, we hold that the trial court's denial of [the defendant]'s petition to strike the condition of probation prohibiting her use of a computer and/or access to the [i]nternet is unreasonable and inappropriate. **Contrast Hartman**, 908 A.2d at 321 ("[A] defendant who uses his computer and other [i]nternet capable equipment to access pornographic photographs of young girls [may] be prohibited from using a computer or other [i]nternet capable equipment while on probation."). Accordingly, we reverse the judgment of sentence and remand to remedy the probation portion of [the defendant]'s sentence.

*Id.* at 540-41.

Turning to the present matter, the trial court found the following:

> The instant case is similar to the **Hartman** case in that Appellant used a computer and the internet to access child pornography as the basis for his original charges. Appellant then used his cellular phone to access pornography again which led to his revocation.

- 10 -

> It is clear that, in this particular situation, a prohibition on internet usage is appropriate and necessary to facilitate Appellant's rehabilitation and to prevent additional recidivism. Further, [the trial c]ourt did grant modification to allow limited internet usage so that Appellant can obtain and maintain employment. . . .

Trial Ct. Op. at 4 (record citation omitted).

We are mindful that sentencing is a matter vested in the sound discretion of the trial court, and we conclude the court did not abuse its discretion in imposing a restrictive internet access condition of a part of Appellant's probation revocation sentence. First, the condition had a nexus to Appellant's original convictions related to several counts of child pornography, in which he used a computer and the internet to access the illicit material. Second, the court demonstrated the restriction was reasonably related to Appellant's rehabilitation. Third, contrary to Appellant's assertion, the court did not impose a full internet ban, but did permit Appellant to use the internet to search employment opportunities, thereby narrowly tailoring the condition to Appellant's individual circumstances.[6] Accordingly, Appellant's first argument has no merit.

---

[6] We note that Appellant's reliance on **Voelker** is misplaced for several reasons. First, we are not bound by federal decisions. **See Commonwealth v. Giffin**, 595 A.2d 101, 107 (Pa. Super. 1991) ("In the absence of a ruling on a particular question by the United States Supreme Court, the decision of a federal intermediate appellate panel, much less that of a federal district court, is not binding on Pennsylvania courts. Pennsylvania courts are not bound by the decisions of inferior federal courts where the case specifically concerns Pennsylvania law. While decisions of the lower federal courts have a persuasive authority, they are not binding on Pennsylvania courts even
*(Footnote Continued Next Page)*

Next, Appellant asserts the trial court erred in finding that he violated the condition of no contact with children when he attended a baseball game and played mini golf with another individual and had no physical contact with any children. **See** Appellant's Brief at 15. Relying on **Koger**,[7] Appellant states that the language of his probation condition, "no contact with children under 18," is ambiguous and did not give him reasonable notice of what conduct may violate this condition. **Id.** Moreover, he states he did not violate the condition because he did not have any physical contact with a child even though he was in the vicinity of where "children may congregate[.]" **Id.**

> Generally, parole and probation violations are determined by the sound discretion of the trial courts and absent an error of law or abuse of discretion, should not be disturbed on appeal. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion.
>
> Appellant's challenge is a question of law and this Court must determine whether the evidence admitted at trial . . . when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. We cannot reweigh the evidence or substitute our judgment for the trial court.

_____

where they concern federal questions.") (citations omitted). **See also Commonwealth v. Dunnavant**, 63 A.3d 1252, 1255 n.2 (Pa. Super. 2013). Second, in **Voelker**, the district court imposed "an absolute lifetime ban on using computers and computer equipment as well as accessing the internet, with no exception for employment or education[.]" **Voelker**, 489 F.3d at 144. Here, the ban is for probation purposes only and includes an employment exception. **Voelker** is clearly distinguishable from the present matter.

[7] We note the author of the **Koger** decision is the same in this memorandum.

***Koger***, 255 A.3d at 1289 (citations and quotations marks omitted).

In ***Koger***, the defendant pled guilty to possession of child pornography and CUCF. ***See Koger***, 255 A.3d at 1287. As a special condition of his probation, the court ordered, in relevant part, that he was to have no contact with any victims or persons displayed in the images. ***See id.*** At a revocation hearing, the defendant's probation officer testified that he searched the defendant's phone and discovered pornographic images of a minor the defendant had been communicating with *via* text messages. ***Id.*** at 1288. The court subsequently revoked his probation and parole after he was found to have committed technical violations. ***Id.*** On appeal, Appellant alleged that the court abused its discretion in revoking his probation as to two conditions because the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of his probation and parole were. ***Id.*** at 1288-89.

> [T]he Commonwealth offered no evidence to establish that specific conditions of parole or probation were imposed on [the defendant] at the time of sentencing. [The defendant] point[ed] out he was not charged or convicted with any new offense. Thus, he reason[ed], the Commonwealth could not, by necessity, prove [he] violated a term of condition of his parole or probation. [The defendant] relie[d] on ***Commonwealth v. Foster***, 654 Pa. 266, 214 A.3d 1240, 1250 (Pa. 2019) ("[A] court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation [or parole] included in the probation order or has committed a new crime.").

**Koger**, 255 A.3d at 1289 (quotation marks and some citations omitted).

In reversing the probation revocation, a panel of this Court opined:

[W]e conclude the trial court erred in failing to specifically advise [the defendant] of the conditions of his probation and parole at the time of his initial sentencing. We reject the Commonwealth's argument that the probation officer's [violation of probation] petition sufficiently indicated the conditions and alleged violations. Instead, [t]he court shall attach such of the reasonable conditions . . . as it deems necessary to insure or assist the defendant in leading a law-abiding life. Because the trial court did not impose, at the time of the . . . sentencing any specific probation or parole conditions, the court could not have found he violated one of the 'specific conditions' of probation [or parole] included in the probation order[.] In short, a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition. . . .

*Koger*, 255 A.3d at 1290-91 (citations, quotation marks, footnote and emphasis omitted).

Turning to the present matter, the trial court distinguished *Koger*, stating:

In this case, Appellant was specifically ordered, by [the trial c]ourt, to not have contact with children under the age of 18. It was conceded during Appellant's revocation hearing that he went to City Island to go mini golfing after being told not to by his probation officer. It was further conceded that Appellant did violate some of his conditions. Appellant was aware that th[e trial c]ourt ordered him to not have contact with those under the age of 18, he asked his probation officer if he could go to City Island to mini golf, he was told not to go because of the presence of minors, and Appellant decided to go anyway. This is a violation of a specific condition given by th[e trial c]ourt during Appellant's original sentencing hearing. . . .

Trial Ct. Op. at 5.

A review of the record confirms the court's findings. Contrary to Appellant's assertions, *Koger* is distinguishable because the condition of no contact with minor children is not ambiguous and Appellant was informed of

- 14 -

this condition at the original sentencing. The court's order reflects the enumerated conditions, thereby complying with Section's 9754(b)'s requirement that the court attach specific conditions of probation to such an order. Moreover, he was specifically told by his probation officer that he would be in violation of that condition if he went to these children-friendly locations. Because it is obvious that Appellant was required to comply with this condition and failed to do so, he is not entitled to relief on his second argument.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2022